### UNITED STATES of America
### v.
### William GIGLIO, Frank Livorsi, Howard Lawn and American Brands Corp., Defendants.

United States District Court
S. D. New York.
Oct. 21, 1954.

J. Edward Lumbard, U. S. Atty. for Southern Dist. of New York, New York City, Milton R. Wessel, Asst. U. S. Atty., New York City, of counsel, for United States.

Lloyd Paul Stryker, New York City, Harold W. Wolfram, New York City, of counsel, for defendants.

PALMIERI, District Judge.

In September and October 1952 defendants were indicted for alleged violations of the internal revenue laws and for an alleged conspiracy to violate those laws. Six indictments were filed. They were dismissed in March 1953 on the ground that the defendants' constitutional rights had been violated. See United States v. Lawn, D.C.S.D.N.Y. 1953, 115 F.Supp. 674. The present indictment which charges offenses similar to those charged in the dismissed indictment was filed in July 1953. Defendants move (1) to dismiss the present indictment, (2) to suppress the use of all material obtained by the Government through the violation of defendants' constitutional rights, (3) to have a hearing to ascertain the scope of the suppression order and the extent to which the Government used the illegally obtained material in securing the present indictment, (4) to inspect the minutes of the grand jury that returned the present indictment, and (5) for other relief.

Defendants' first four motions, as above enumerated, are based on the violation of their constitutional rights in connection with the prior indictments against them as found in United States v. Lawn, D.C.S.D.N.Y.1953, 115 F.Supp. 674. Defendants argue that the prior finding of a violation of their constitutional rights and the fact that the present indictment is very similar to the prior ones places upon the Government the burden of proving that the illegally obtained information was not used before the grand jury to obtain the present indictment. They ask for a hearing and for inspection of grand jury minutes in order to determine whether the illegally obtained material was used to obtain the present indictment. If it is found that it was used for this purpose, they want the indictment dismissed. If not, they request an order suppressing the future use of all the illegally obtained material.

Assuming that a hearing may be held, the first issue before me is whether defendants have made a sufficient showing to entitle them to a hearing and to inspection of the grand jury minutes. Pre-trial hearings are held in cases in which there is reason to believe that the prosecution made use of information received as a result of wire tapping. See Nardone v. United States, 1939, 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307. In those cases a hearing will not be held unless "claims that taint attaches to any portion of the Government's case * * satisfy the trial court with their solidity and * * * merely a means of eliciting what is in the Government's possession before its submission to the jury." Nardone v. United States, supra, 308 U.S. at page 342, 60 S.Ct. at page 268. Surely the rule should be no different in

the instant case, and I shall therefore determine whether defendants' claims that illegally obtained evidence may have been used to secure the present indictment have the required "solidity."

Defendants' main support for their claim that the illegally obtained material or leads stemming from it may have been used to obtain the present indictment are three facts. One, that the prior indictment was returned only after the Government had secured material in violation of the defendants' constitutional rights. Two, that the present indictment is very similar to the prior one. And three, that a revenue agent implied that some of his computations were based on documents stored in a room in which the illegally obtained documents were also kept.

■ The Government's claim that only untainted material was used to obtain the present indictment is, in my opinion, substantiated by affidavits of considerable weight. Affidavits have been submitted from all the revenue agents who have been responsible for the investigation leading to the indictment of the defendants and from all the United States Attorneys who have been responsible for the prosecution of this case. These affidavits show that the activities of the defendants have been under investigation since 1948 and that three revenue agents spent a substantial period of time on this investigation before defendants appeared before the grand jury that returned the prior indictments in 1952. The affidavits show that long before 1952 the Government had in its possession copies of bank checks, bank statements, books and other records pertaining to the defendants' activities which had been secured from banks, third persons, a New Jersey Equity receiver, government agencies, and material abandoned by the defendants; and that much of this material was kept in the same room as the illegally obtained material. The affiants also state that the revenue agent referred to this ma-

terial as the basis for his computations, that the illegally obtained material was largely irrelevant, deliberately shuffled and contained no new evidence or leads thereto. The Government affiants admit that the tainted material contained corroboration of evidence that the government had previously acquired but state that this corroborative evidence was in no way used in obtaining the present indictment.

From the affidavits presented by the defendants and the Government it is clear that defendants' claim does not have the "solidity" required to justify holding a hearing. Granting a hearing in this case on the basis of the showing made by the defendants and the Government would indeed be subordinating "the need for rigorous administration of justice to undue solicitude for potential * * * disobedience of the law by the law's officers." Nardone v. United States, supra, 308 U.S. at page 342, 60 S.Ct. at page 268. I find no basis for exercising my discretion to grant a hearing or inspection of grand jury minutes and these motions are denied. See United States v. Flynn, D.C.S.D.N.Y.1951, 103 F.Supp. 925, 929–931.

■ Defendants' motion to dismiss the indictment is also denied. The weight of the affidavits presented by the Government is much greater than that of the post hoc propeter hoc and the conjectural arguments advanced by the defendants. These affidavits leave no room for an inference that the Government used illegally obtained material in securing the present indictment, the only basis on which it is claimed that the indictment should be dismissed.

■ Defendants' motion to suppress the use of all the illegally obtained material, copies, notes and all leads therefrom must also be denied. Defendants can only complain if this material is used against them. See Hale v. Henkel, 1906, 201 U.S. 43, 69–70, 26 S.Ct. 370, 50 L.Ed. 652. The United States Attorney has sworn that this material will not be

used in the future course of this case, and at this stage of the proceedings, that oath is sufficient. The granting of defendants' motion to suppress at this time would necessitate an investigation of all of the Government's evidence. Such an investigation would entail a great deal of useless effort because much of this material, which has been collected since 1948, will not be used at the trial. Of course, if during the course of the trial defendants have reason to believe that illegally obtained material is being or may be used against them, they can object at that time and it will be incumbent upon the trial judge to rule on their objections.

Defendants also ask me to vacate a stay of an order which directed the return to the defendants of the illegally obtained material, and to direct the return of said material. The United States attorney has already offered to return the papers in question, and this offer was rejected by defendants. Although I do not believe that it is necessary for me to vacate the stay and order the return of the partnership and personal records produced by defendants, I hereby do so. This may be considered an order to that effect.

Finally, defendants have moved for discovery and inspection under Rule 16 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., for production of evidence under Rule 17(c), and for a bill of particulars under Rule 7(f). The defendants have not submitted a memorandum of law on these motions. I am prepared, however, to decide these motions on the basis of my own research.

■ It is clear that the motion under Rule 16 must be denied. Defendants have not asked for designated books, papers or other tangible objects, and they have not shown that the items sought may be material to the preparation of their defense. In the light of their failure to comply with the requirements of Rule 16, they are not entitled to the relief for which they ask.

■ Nor are the defendants entitled to production of evidence under Rule 17(c). Their motion is in dragnet form and they seek to bring into their net all the books, papers, documents and records that the Government has in its possession. Defendants are not entitled to this relief. United States v. Iozia, D.C. S.D.N.Y.1952, 13 F.R.D. 335, 338. Defendants cannot, within the spirit of Judge Weinfeld's ruling in the Iozia case, sit back and ask the Government to produce all the relevant evidentiary documents so that they may avoid the trouble of searching for them in their own files or elsewhere. "If defendants insist upon proceeding with catch-all descriptions they must at least list the evidentiary documents that are available to them elsewhere and exclude them from those demanded of the United States Attorney." United States v. Cohen, D.C. S.D.N.Y.1953, 15 F.R.D. 269, 273.

■■ Defendants' motion for a bill of particulars is very particularized and constitutes, in effect, an attempt to seek out the Government's evidence prior to the trial. Defendants are not entitled to this. See United States v. Flynn, D.C.S.D.N.Y.1951, 103 F.Supp. 925, 932. However, in order to obviate surprise at the trial and to the extent that information was not previously furnished to them, defendants should be informed of the source and amount of income on which it is alleged in the indictment that a tax was due to the United States, the amount of tax that it is alleged was due, and those portions of the income tax returns upon which the indictment is based that the Government claims are false.

This case will be placed on the Criminal Trial Calendar for October 28, 1954 so that a suitable trial date can be fixed.