**UNITED STATES of America**

v.

**ZIM ISRAEL NAVIGATION COMPANY,
Ltd., Black Star Line, Ltd., and Ichabod
T. Williams & Sons, Inc., Defendants.**

United States District Court
S. D. New York.

April 2, 1965.

Robert M. Morgenthau, U. S. Atty. for the Southern District of New York, New York City, for the United States; James M. Brachman, Asst. U. S. Atty., of counsel.

Cravath, Swaine & Moore, New York City, for defendant Ichabod T. Williams & Sons, Inc.; John W. Barnum, Harold F. McGuire, Jr., New York City, of counsel.

WEINFELD, District Judge.

The Government, within three months of filing an information containing 104 counts against three defendants, moves for a severance as against one. The defendants are two steamship lines, Zim Israel Navigation Company, Ltd. and Black Star Line, Ltd., and a shipper, Ichabod T. Williams & Sons, Inc., who are charged with discriminatory practices in violation of the Shipping Act of 1916.[1] The charges center about twenty-six cargoes shipped on vessels operated by the shipping lines. In the first seventy-eight counts the two lines are charged in effect with granting rebates or preferences with respect to the twenty-six shipments (three charges are made as to each), and in twenty-six separate counts the shipper alone is charged in effect with receiving the preferential rebates or benefits.

The filing of an information in which offenses and defendants were joined under Rule 8 of the Federal Rules of Criminal Procedure suggests a considered judgment by the prosecution that it was in the public interest to do so. As a general rule persons jointly accused should be tried in a single trial, particularly where the charges may be proved against all the defendants by substantially the same evidence, or are based upon the same or a similar series of acts.[2]

Surprisingly, the prosecution now moves for a severance, to undo what it

---

1. 46 U.S.C. §§ 815, 816.

2. United States v. Kahaner, 203 F.Supp. 78, 81 & n. 4 (S.D.N.Y.1962).

wrought in the first instance, on the ground that it is "prejudiced" by the joinder, a showing required for relief under Rule 14. It seeks to try the shipper immediately and separately from the steamship lines. The claim of prejudice rests upon allegations that the principal officer of the shipper, Ichabod T. Williams & Sons, Inc., is eighty-three years of age; that a trial of that defendant will be of shorter duration than a joint trial with the steamship lines, and that the case against the shipper is in posture to proceed because its counsel, unlike the lines' counsel, did not move for a bill of particulars.

The reasons advanced to support the claim of prejudice are not only unpersuasive but, to the contrary, suggest that a severance will be prejudicial to the defendant shipper whose trial is sought forthwith. If the severance is granted, then not only will the eighty-three year old witness be required to testify upon two separate trials instead of one, but since he is the chief executive officer of the shipper, its affairs will be unnecessarily interfered with; a principal witness of the shipper, one of its employees stationed in Ghana in connection with its activities there, but who is subject to subpoena as an American citizen,[3] will be required to attend trials here on two separate occasions, again causing an unnecessary second interruption in the business operations of Ichabod T. Williams & Sons, Inc. and an unnecessary duplication of expense as to him, no matter who pays; finally, the defendant shipper will be deprived of the benefit of testimony of witnesses in foreign countries, not subject to subpoena but who, as employees of the shipping lines, are under their control and may be brought here to testify as defense witnesses.

In the exercise of discretion the motion is denied.

3. 28 U.S.C. § 1783.