## UNITED STATES of America

### v.

**Herbert J. WALLACE, Herman D. Wallace, William J. Huggins, Walter I. Huggins, and William Moore, Defendants.**

### No. 67 Cr. 392.

United States District Court
S. D. New York.

July 6, 1967.

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, by John R. Bartels, Jr., Asst. U. S. Atty., New York City, for the United States.

Irving Friedberg, and Murray A. Miller, New York City, for defendant Moore.

MANSFIELD, District Judge.

The defendant Moore, who is charged in the second count of a three-count indictment with unlawful receipt and possession of money stolen from a bank, 18 U.S.C. § 2113(c), moves pursuant to Rule 16, F.R.Crim.P., for production and inspection of (1) his prior statements to the Government and before the Grand Jury; (2) any similar statements given by his co-defendants; (3) all Jencks Act material pertaining to testimony to be given by Government witnesses at trial; (4) minutes of the Grand Jury which indicted; and (5) severance of Count 2 from the other two counts; and a separate trial.

■ Since Moore did not testify before the Grand Jury, his application for inspection of his own Grand Jury testimony needs no consideration. With respect to his prior statements to Government agents, in the absence of any showing of need other than his generally-expressed desire to examine such statements "in order to meet and defend his case properly", the Court declines to exercise its discretionary power under Rule 16(a) (1), F.R.Crim.P., to grant such inspection, for the reasons set forth in detail in United States v. Louis Carreau, Inc., 42 F.R.D. 408 (D.C., June 30, 1967). In the event, however, that the Government proposes to offer in evidence at trial, as part of the Government's own direct case-in-chief (as distinguished from using it for cross-examination purposes), any such prior statement made by Moore, the Government is directed to permit inspection by Moore at least one week before commencement of trial.

■ Inspection of prior statements given by Moore's co-defendants to the Government is denied for failure to make any showing of materiality or reasonableness as required by Rule 16(b), F.R. Crim.P.

■ Title 18 U.S.C. § 3500 authorizes the Court to order production of Jencks Act material "which relates to the subject matter as to which the witness *has* testified". (Emphasis added) Since such material need not be produced by the Government until conclusion of the direct testimony at trial of the witness with respect to whom it is sought, Moore's motion for such material at this time is premature and is denied without prejudice to its being renewed during trial.

■■ In asking the Court to inspect the Grand Jury minutes "to determine whether the indictment of the said defendant was based on probable cause", Moore overlooks the fact that an indictment returned by a legally constituted Grand Jury is sufficient to call for a trial on the merits, in the absence of a showing that the Grand Jury had no evidence of probable cause. Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956); United States v. Ramsey, 315 F.2d 199 (2d Cir.), cert. denied, 375 U.S. 883, 84 S.Ct. 153, 11 L.Ed.2d 113 (1963). No facts are offered here *in support of the motion*, which appears to be based solely on the hope of finding lack of evidence upon examination of the minutes. Inspection upon such a flimsy, speculative basis would destroy the traditional secrecy attaching to the proceedings of the Grand Jury. See Rule 6(e), F.R.Crim.P. There being no showing of the existence of grounds for inspection, the motion is denied. The defendant's rights will be fully protected at trial.

■ The defendant's motion for a severance of Count 2 from the other two counts of the indictment is equally frivolous. As a general rule persons joined in the same indictment must be tried together, at least where a substantial amount of the evidence to be offered at trial will be the same as to all defendants. United States v. Lebron, 222 F.2d 531, 535 (2d Cir.), cert. denied, 350 U.S. 876, 76 S.Ct. 121, 100 L.Ed.

774 (1955); United States v. Cohen, 124 F.2d 164, 165–166 (2d Cir.), cert. denied, 315 U.S. 811, 62 S.Ct. 796, 86 L.Ed. 1210 (1942); United States v. Kahaner, 203 F.Supp. 78, 81 (S.D.N.Y.1962); United States v. Berman, 24 F.R.D. 26, 29 (S.D. N.Y.1959). In the absence of a showing that he will be unable to obtain a fair trial in a joint proceeding, a defendant's desire for a separate trial must yield to the public interest in avoiding unnecessary duplication and expense and in utilizing available facilities and personnel to best advantage toward assuring speedy trials for all of those accused. The decision as to whether or not to grant a severance is left to the discretion of the trial court, Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954); United States v. Aviles, 274 F.2d 179, 194 (2d Cir. 1960), and the burden is upon the movant to come forward with facts demonstrating that he will be so severely prejudiced by a joint trial that it would in effect deny him a fair trial altogether. United States v. Haim, 218 F.Supp. 922 (S.D.N.Y.1963); United States v. Van Allen, 28 F.R.D. 329 (S.D.N.Y.1961).

Here the defendant Moore fails to furnish any facts demonstrating that he would be unable to secure a fair trial in a joint proceeding against himself and the other remaining defendants who have not pleaded guilty. The Government, on the other hand, represents that the evidence to be offered against Moore under the Second Count will be substantially the same as that to be offered against other defendants under the Third Count and that the charges in both counts arise from the same series of acts. Under the circumstances the motion for a severance must be denied. The defendant Moore's rights will be adequately protected by the trial court either through instructions to the jury or, if prejudice develops, the granting of a severance during the course of trial. See United States v. Berman, supra.

The motion is denied.

So ordered.