**UNITED STATES of America,**
**Plaintiff,**

v.

**Louis WOLFSON, Elkin Gerbert, Joseph Kosow, Alexander Rittmaster and Marshall Staub, Defendants.**

**No. 66 Cr. 832.**

United States District Court
S. D. New York.

March 20, 1968.

See also D.C., 282 F.Supp. 772.

Hogan & Hartson, Washington, D. C., for defendant Wolfson; William O. Bittman, Washington, D. C., of counsel.

Arnold & Porter, Washington, D. C., for defendant Gerbert; Edgar H. Brenner, Washington, D. C., of counsel.

Bedell, Bedell, Dittmar & Smith, Jacksonville, Fla., for defendants Wolfson and Gerbert; Chester Bedell, Jacksonville, Fla., of counsel.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendant Kosow; Simon H. Rifkind, New York City, of counsel.

Raichle, Moore, Banning & Weiss, Buffalo, N. Y., for defendant Staub; Frank G. Raichle, Buffalo, N. Y., of counsel.

Robert M. Morgenthau, U. S. Atty., Southern District of New York, New York City, for the United States; Paul R. Grand, Paul B. Galvani, Asst. U. S. Attys., of counsel.

## The Charges

PALMIERI, District Judge.

The defendants stand indicted for conspiracy to violate the federal securities laws (15 U.S.C. §§ 78j(b), 78m and 78ff(a)) and regulations of the Securities and Exchange Commission (S.E.C.) promulgated thereunder (17 C.F.R. §§ 240.10b–5 and 240.13a–1), to commit perjury (18 U.S.C. § 1621), to suborn perjury (18 U.S.C. § 1622), and to obstruct justice (18 U.S.C. § 1505). 18 U.S.C. § 371. In addition the defendants Wolfson and Gerbert are charged in substantive counts with perjury before competent officers of the S.E.C. and the defendants Wolfson, Gerbert and Staub are charged with substantive violations of the aforementioned securities laws and regulations.

In the conspiracy count the indictment alleges that the defendants would do the following. Wolfson, Gerbert and Staub would control Merritt-Chapman and Scott Corporation (Merritt-Chapman) Along with the defendant Rittmaster they would cause Merritt-Chapman to embark on a program of buying substantial amounts of its outstanding common stock and to enter agreements with the defendant Kosow whereby Kosow and his nominees would purchase hundreds of thousands of shares of Merritt-Chapman common stock on the open market upon a secret undertaking by Merritt-Chapman to purchase this stock from them at a future date at a substantially higher price. Wolfson would personally

give his guarantee with respect to the agreements with Kosow. In addition the defendants would conceal the agreements from Merritt-Chapman's stockholders. The defendants, other than Kosow, would conceal the agreements from the S.E.C. by failing to mention them in reports required by law to be filed by Merritt-Chapman with the S.E.C. There is a further allegation that the defendants would conceal or destroy all documents relating to the agreements with Kosow, that they would commit perjury as to them in testifying before S.E.C. officers, and that Gerbert and Kosow would influence and attempt to influence witnesses subpoenaed to testify before S.E.C. officers.

Substantive violations of the securities laws are charged against Wolfson, Gerbert and Staub. It is alleged that they made false and misleading statements of a material fact in the balance sheets of Merritt-Chapman in its 1962 and 1963 annual reports. The alleged violations relate to the fact that the balance sheets in those reports did not disclose the contingent liability of Merritt-Chapman the Government contends arose from the agreements with Kosow.

These are pre-trial motions (1) for suppression of any evidence possibly obtained through wiretapping or electronic eavesdropping and the holding of an evidentiary hearing in connection therewith; (2) for the severance of the trials of the defendants Kosow and Staub; (3) for a change of venue of the trial; (4) for a continuance of the date of trial; (5) for disclosure of any statements made by defendants in possession of the Government; (6) for enlargement of the Government's bill of particulars furnished pursuant to the order of Judge Cooper of this court; (7) for pre-trial disclosure of any information favorable to the defendants; and lastly, (8) for permission to renew defendants' motions challenging the Grand Jury selection.

### Motion for Suppression

All of the defendants have moved pursuant to Rule 41(e), Fed.R.Crim.P., for an order granting an evidentiary hearing with a view to suppressing evidence which may have been obtained by the Government by means of eavesdropping or wiretapping devices. Upon the hearing of this motion on February 26, 1968, this Court stated:

"* * * [T]he court is entitled and the defendants are entitled to clear and unequivocal statements in an affidavit form by those responsible for the investigation and prosecution of this case to the effect that no electronic eavesdropping, no wiretapping of any kind was used at any point.

"If it was used and if such activity was indulged in, then it is for the court to determine how best it can eliminate * * * any taint of the evidence, or what should be done for the purpose of protecting the defendant's rights."

■ The Government is therefore advised of its obligation in the premises, and this motion is deemed to be disposed of for the time being and abiding the submission of the affidavit as directed. No evidentiary hearing is justified since no defendant has submitted anything more than a suggestion that wiretapping or eavesdropping devices may have been used. Compare United States v. Desist, 277 F.Supp. 690, aff'd, 384 F.2d 889 (2d Cir. 1967), cert. granted, 390 U.S. 943, 88 S.Ct. 1030, 19 L.Ed.2d 1131 (March 4, 1968) and Lawn v. United States, 355 U.S. 339, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958), affirming United States v. Giglio, 232 F.2d 589 (2d Cir. 1956), affirming 16 F.R.D. 268 (S.D.N.Y.1954).

### Motions of Kosow and Staub for Severance

■ Both Kosow and Staub have moved for separate trials. Fed.R.Crim. P. 14. This is concededly a motion addressed to the Court's discretion. Opper v. United States, 348 U.S. 84, 95, 75 S.Ct. 158, 99 L.Ed. 101 (1954);

United States v. Aviles, 274 F.2d 179, 194 (2d Cir. 1960), cert. denied, [Evola v. U. S., Santora v. U. S., Lessa v. U. S., Capece v. U. S., Di Palermo v. U. S., Genavese v. U. S., Palizzano v. U. S., Barcellona v. U. S.] 362 U.S. 974, 982, 80 S.Ct. 1057, 1058, 1059, 1068, 1071, 1073, 4 L.Ed.2d 1009, 1010, 1015, 1016, (1960); United States v. Echeles, 392 F.2d 892, 896 (7th Cir. 1965). The burden is upon the movant to come forward with facts which demonstrate that he will be prejudiced by a joint trial so that it would in effect be a denial of a fair trial altogether. United States v. Wallace, 272 F.Supp. 838 (S.D.N.Y. 1967); United States v. Haim, 218 F. Supp. 922 (S.D.N.Y. 1963); United States v. Van Allen, 28 F.R.D. 329 (S.D.N.Y. 1961).

Kosow bases his argument largely on the assertion that he was not an "insider" and was not a member of the management of Merritt-Chapman, the activities of which constitute, presumably, a large part of the evidence in the case. Since he was not in a fiduciary or managerial relationship with Merritt-Chapman, Kosow claims he will be prejudiced by a joint trial in which the Government will probably demonstrate that the other four defendants occupied such positions. The argument continues that Kosow would be prejudiced by unfavorable inferences which might stem from any evidence that the other defendants, all "insiders", breached duties of trust. However, if the Government's proof of conspiracy is sufficient, Kosow may well be held equally responsible, as a co-conspirator, with corporate fiduciaries and managers even in areas affecting the latter's corporate duties.

Kosow also suggests that a joint trial will prevent him from calling the co-defendants as witnesses in his behalf and from commenting on their failure to take the stand, if such be the case.

The motion by Kosow is a renewal of a similar motion made approximately one year ago and denied by Judge Cooper of this court. (See opinion of Judge Cooper dated April 11, 1967, 282 F. Supp. 772). There is no significant difference between the motion now made by Kosow and that previously made before Judge Cooper. It is urged that a difference lies in the fact that the defendants Wolfson and Gerbert have, in the meantime, been convicted in another case before this Court, the Continental case, 66 Cr. 720. However, at the time Judge Cooper decided the motion, the indictment in the Continental case had been handed down and the problems of calling Wolfson or Gerbert in connection with the trial of this indictment were apparent.

Staub makes contentions similar to Kosow. He asserts that he will be obliged to call the co-defendants as witnesses in order properly to present a defense. He states that he proposes to take the stand and to swear that he never knew of any agreement between Merritt-Chapman and Kosow whereby the corporation undertook to buy its common stock from Kosow at a fixed price at a future date. Although he was president of Merritt-Chapman, Staub takes the position that he had no connection with or knowledge of any of the alleged stock-purchasing agreements.

The general rule in conspiracy cases is that defendants indicted together should be tried together. United State v. Echeles, supra. This rule is particularly appropriate when the conspiracy may be proved against the defendants by the same evidence resulting from the same or a similar series of acts. United States v. Echeles, supra; United States v. Lebron, 222 F.2d 531, 535 (2d Cir. 1955), cert. denied, 350 U. S. 876, 76 S.Ct. 121, 100 L.Ed. 774 (1955); United States v. Wallace, supra. Despite assertions to the contrary, this is the situation in this case. A severance of the trial of Kosow or Staub would compel the Government to conduct several trials involving substantially the same evidence and the same witnesses for a period of presumably five weeks in each instance. This heavy burden would not be justified except under very special circumstances, none of which ap-

pears to be present here. Although both Kosow and Staub suggest a sharp cleavage in the probable evidence between themselves and the co-defendants, the indictment does not support this contention. The allegations of perjury and obstruction of justice relate directly to Staub and Kosow. Additionally, the allegations of subornation of perjury relate directly to Kosow. These allegations are part of the alleged means of furthering the conspiracy with which they are charged. A defendant charged with conspiracy but not directly involved in one aspect of the conspiracy charged in the indictment does not merit severance of his trial on this account. Each member of a conspiracy is bound by the acts of the co-conspirators done in furtherance of the conspiracy. The allegations of the indictment do not appear to attribute minor roles to Kosow and Staub, nor do these allegations place them on the outer edges of the conspiracy. This is not a case like United States v. Kelly, 349 F.2d 720 (2d Cir. 1965), cert. denied, 384 U.S. 947, 86 S.Ct. 1467, 16 L.Ed.2d 544 (1966), where there was no reference to the defendant Shuck, whose case was held to be severable, during the first three months of a nine month trial. In addition, that case involved another infirmity. Extensive statements inculpatory of Shuck which had been made by the co-defendants after the conspiracy had ended and which were clearly inadmissible against Shuck were admitted into evidence with only mild cautionary instructions.

The rule that defendants indicted together should be tried together is a salutary rule based upon the orderly administration of criminal justice, see United States v. Wallace, supra; United States v. Verra, 203 F.Supp. 87, 90–91 (S.D.N.Y. 1962), and a fair regard for the convenience and the interests of persons not directly involved but whose presence is needed at the trial. See United States v. Zim Israel Navigation Co., 239 F. Supp. 446 (S.D.N.Y. 1965).

The cases relied upon by the moving defendants do not support the granting of a severance here. In United States v. Echeles, supra, the defendant requesting a severance was a lawyer who had been charged, along with his client, of suborning perjury. Severance was required because the client had previously given statements holding the lawyer blameless.

Special circumstances were also present in United States v. Gleason, 259 F.Supp. 282 (S.D.N.Y. 1966). In Gleason three defendants were charged with income tax evasion. Two of the defendants were sisters who were business partners during the years in question, the third was their accountant. One of the sisters moved for a severance. She had submitted affidavits that the accountant had handled all her tax matters and business and tax record keeping. She stated that she had no personal knowledge of the business records involved in the prosecution. Further, and more importantly, it was not disputed that in the past this same accountant had made exculpatory statements with respect to his taxpayer clients. The court, in its discretion, granted the severance, noting that the moving party had shown a "persuasive ground for the claim that she needs Pitkin's [co-defendant] evidence" and the "relatively small dimensions of the case". The severance, it was decided, would not entail heavy burdens of time and expense. Id., at 285.

The moving parties also rely on DeLuna v. United States, 308 F.2d 140 (5th Cir. 1962), where two cousins were tried together on a narcotics charge. One, Gomez, testified in his own behalf. He testified that he and the co-defendant DeLuna had been riding in Gomez' automobile when DeLuna tossed him a package and told him to throw it out the window. The police saw Gomez throw the package, which contained narcotics, out the window. DeLuna did not testify in his own defense. On summation Gomez' attorney commented on DeLuna's failure to take the stand. The court held that a severance should have been granted to DeLuna to avoid the occur-

rence of these prejudicial comments by Gomez' attorney.

■ Counsel for Staub suggests that a joint trial would impair his freedom of comment to the jury with respect to the co-defendants' failure to testify, if that be the case. Before the trial can be severed, however, there must be a showing that real prejudice will result from the defendant's inability to comment. United States v. Kahn, 381 F.2d 824 (7th Cir. 1967); Hayes v. United States, 329 F.2d 209, 221 (8th Cir. 1964), cert. denied, Bennett v. United States, 377 U.S. 980, 84 S.Ct. 1883, 12 L.Ed.2d 748 (1964). Such a showing has not been made here. Staub asserts that he will testify in his own behalf to the effect that he was ignorant of any contract with Kosow. This defense does not, at this stage of the proceedings, appear to conflict with the possible defenses of the co-defendants. In any event, the possibility of antagonistic defenses does not require a severance. United States v. Van Allen, supra, 28 F.R.D. at 339.

The moving defendants have not demonstrated in any way that the defendants Wolfson and Gerbert would provide testimony of comfort to their defense. Their present assertions that they must call Wolfson and Gerbert must be weighed against their obvious right to change their minds about their trial tactics and the possibility that Wolfson and Gerbert, if they testified, might testify in a sense contrary to the expectations of these defendants. The moving defendants have not alluded to any statements or other actions of Wolfson or Gerbert which might substantiate their assertions that the testimony of these defendants would tend to exculpate them. Any decision based on the present intention of the moving parties to testify, the possibility that the co-defendants will or will not testify, the asserted likelihood that if they testified they would exculpate the moving parties and the myriad potential situations at trial would be tantamount to sheer speculation.

■ It is the inevitable incident of a joint trial that co-defendants cannot deal with each other as prospective witnesses unconnected with the trial. The overriding principle of guaranteeing a fair trial to each defendant prevents each co-defendant, as it does the prosecutor, from calling him as a witness and from commenting on his failure to testify. This does not mean, however, that a defendant must necessarily have a separate trial, since such a proposition would effectively terminate all joint trials and would seriously hamper the Government's ability to conduct prosecutions.

■ The motions for severance are denied. Since it is the continuing obligation of the trial court to protect the defendants' right to a fair trial and to grant a severance should prejudice become apparent during the course of the trial, the present disposition of the motions does not foreclose their renewal at trial for good cause. See Schaffer v. United States, 362 U.S. 511, 516, 80 S. Ct. 945, 4 L.Ed.2d 921 (1960); United States v. Kelly, supra, 349 F.2d, at 758–759; Fed.R.Crim.P. 14 and 52(a).

### Motion for Change of Venue

■ This motion pursuant to Rule 21(a), Fed.R.Crim.P., was also before Judge Cooper of this court and was denied in his opinion of April 11, 1967. However, while the motion before Judge Cooper was to transfer the case to the Middle District of Florida, the present motion seeks to transfer the case to any other district in the country on the ground that the defendants Wolfson and Gerbert have suffered from unfavorable publicity in this district and they cannot therefore obtain a fair trial. In support of this position of the moving defendants, Wolfson and Gerbert exhibits indicating the publicity which attached to the Continental case have been annexed to the motion papers. This case was tried in September, 1967, and the sentences of Wolfson and Gerbert were imposed on November 28, 1967. Practically all of the publicity of which they complain was incident to the conviction in Sep-

tember, and to the imposition of the sentences in November. Since, as will be later indicated, the trial will take place more than six months after the sentence and more than eight months after the trial of the previous case, it is unlikely that such publicity will prevent the calling of a qualified and unprejudiced jury. Moreover, the selection of the jury, as well as the management of the trial, can be conducted with an appropriate awareness of the necessity for protecting the defendants against prejudice from undesirable publicity. There is every reason to believe that a fair trial can be conducted in this district. See United States v. Bowe, 360 F.2d 1, 11–12 (2d Cir. 1966).

### Motion for a Continuance

The defendants Wolfson and Gerbert request a continuance of the trial date on two grounds, (1) that the trial of the Merritt-Chapman case should await the disposition of the pending appeal of their convictions in the Continental case, and (2) that Wolfson's poor health would make a trial during the summer appropriate.

The defendants argue that they will be unfairly impeded in presenting their defenses by the possibility that if they testify the Government would impeach their credibility by using the Continental convictions which may be reversed. Somewhat anomalously, however, they have represented that they would make no similar motion if the convictions are affirmed by the Second Circuit and they then seek a writ of certiorari from the Supreme Court. Cf., United States v. Ellenbogen, 390 F.2d 537 (2d Cir. Feb. 27, 1968). The possibility of impeachment based on convictions which are appealed is not a proper basis for a continuance.

While impeachment based on a conviction which is being appealed would appear to be error in the District of Columbia, based on a particular District of Columbia statute, Fenwick v. United States, 102 U.S.App.D.C. 212, 252 F.2d 124 (1958), the Second Circuit has stated, "other circuits have held such cross-examination proper unless and until the conviction has been reversed. [Citing cases]. And we have agreed, even where there was a later reversal, but followed by a plea of guilt. United States v. Cipullo, 2 Cir. [1948], 170 F.2d 311, certiorari denied 336 U.S. 946, 69 S.Ct. 805, 93 L.Ed. 1103 [1949]. * * * We are not disposed to question this ruling particularly where, as here, the conviction was later affirmed and the cross-examination was to meet defendant's denial no direct examination of being a drug peddler." United States v. Owens, 271 F.2d 425 (2d Cir. 1959), cert. denied 365 U.S. 874, 81 S.Ct. 910, 5 L.Ed.2d 863 (1961). The growing trend, both in state and federal cases, is to permit convictions which are the subject of appellate proceedings to be used for impeachment purposes by the prosecution. Newman v. United States, 331 F.2d 968, 972 (8th Cir. 1964), cert. denied 379 U. S. 975, 85 S.Ct. 672, 13 L.Ed.2d 566 (1965). A continuance to avoid possible impeachment based on the defendants' Continental convictions is unnecessary.

Furthermore, a decision to continue the trial date for this indictment pending final appellate decision of the Continental case could result in a substantial delay which would compromise the efficient administration of criminal justice and the co-defendants' right to a speedy trial. In any event, this court has in the past permitted defendants similarly impeached to establish that their conviction was in the process of being appealed. This procedure has tended to alleviate in considerable measure the force of the impeachment and the defendants may avail themselves of it at trial.

The request for a continuance to the summer months was consented to by the Government and is granted to the extent that June 12, 1968, is set as the date for trial. In view of this trial date a physical examination of Wolfson by a government-designated physician is unnecessary.

Motion for Disclosure of Statements
Under Rule 16(a) (1)

This Court would be disposed in its discretion to deny this motion by Wolfson, Gerbert and Staub because there has been no demonstration of need by the defendants. United States v. Louis Carreau, Inc., 42 F.R.D. 408 (S.D.N.Y. 1967); United States v. Wood, 270 F. Supp. 963 (S.D.N.Y. 1967). However, the Government has already made concessions along these lines to the defendant Kosow (see p. 139, transcript of hearing February 26, 1968), and in fairness the same concessions should be extended to the other defendants. The Government is therefore ordered to make available to the defendants copies of any verbatim statements made by the defendants to a United States Attorney or to the S.E.C. upon a showing by the defendants that they do not already possess copies. Business records of the defendants, including papers filed with government agencies and of which the defendants can reasonably be expected to have copies, are not required to be disclosed.

It should be noted in passing that the motions thus disposed of, like many similar motions presently being made before this Court under Rule 16(a) (1), are tantamount to attempts to secure in advance of trial the advantages now secured to defendants pursuant to 18 U.S. C. § 3500, the so-called Jencks Act. The defendants' very broad request seeks, *inter alia*, the following:

"* * * any memoranda or papers now in the possession of the government, or which the government can obtain by due diligence, prepared by any agent of the government which reflects, or is the result of, a conversation or meeting between any of these defendants and such government agents."

This broad request goes even beyond the provisions of the Jencks Act, which relate to substantially verbatim statements.

Furthermore, even the advantages provided in the Jencks Act were never intended to be transposed to the pretrial context; rather, the heavy burden incumbent upon the prosecution pursuant to that act was intended to safeguard the fairness of criminal trials by providing defendants with appropriate tools for cross-examination. See United States v. Giuliano, 348 F.2d 217, 223 (2d Cir. 1965), cert. denied 382 U.S. 939 and 946, 86 S.Ct. 390, 406, 15 L.Ed. 2d 349, 354 (1965); United States v. Palermo, 258 F.2d 397 (2d Cir. 1958), aff'd 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959). Rule 16 cannot be deemed to be an extension of § 3500 so as to afford defendants these impeachment tools under cover of pre-trial disclosures. See United States v. Cobb, 271 F.Supp. 159 (S.D.N.Y. 1967); United States v. Louis Carreau, Inc., supra; United States v. Lewis, 266 F.Supp. 897 (S.D.N.Y. 1967). This is made clear by the language of the rule. Rule 16(b) reads in part:

Except as provided in subdivision (a) (2) [results of physical or scientific examinations], this rule does not authorize the discovery or inspection of reports, memoranda, or other. internal government documents made by government agents in connection with the investigation or prosecution of the case, or of statements made by government witnesses or prospective government witnesses (other than the defendant) to agents of the government except as provided in 18 U.S.C. § 3500.

Motion for Compliance With Judge
Cooper's Order Relating to a
Bill of Particulars

The defendant Kosow moves for an order directing the Government to file a further bill of particulars in this case. Fed. R. Crim. P. 7(f). The defendants Wolfson and Gerbert join in this motion. They allege that the Government has failed to fulfill its consent by affidavit dated February 10, 1967, and has failed to comply with Judge Cooper's order dated May 15, 1967,

based in part upon this consent. The Government consented to the following:

B(5). State whether the Government will claim that "the shareholders" of Merritt referred to in paragraph 2 [of the indictment] were all the shareholders of said corporation, or less than all. If less than all, identify which particular shareholders of said corporation the Government will claim are referred to in paragraph 2.

The Government, in its bill, answered, in essence, "less than all shareholders." This answer does not comply with the scope of the consent despite the Government's contention that the consent only applied to the first sentence. The Government is not, however, required to list the name of each of the individual shareholders upon whom it claims the alleged conspiracy operated as a scheme to defraud. The Government need only state the class or group of such shareholders.

The Government also consented to the following:

C(2). State which "statements" contained in said "reports" [1962 and 1963 annual reports of Merritt-Chapman] the Government will claim would be false and misleading with respect to material facts.

The Government, in its bill, answered in essence that the false and misleading statements were contained in the "financial statements" in the annual reports. The defendants cannot properly ask the Government for more here. The allegation is that the defendants omitted to state that which they should have stated in the financial statements of the annual reports. Because the allegation is one of omission, the complex nature of financial reporting and the possibility that proper disclosure could have been made in several places in the financial statements, the Government is not required to be more specific than it has been.

■ The Government was ordered by Judge Cooper to comply with the following requests of Kosow by providing "the approximate date":

J(1). State the date or dates on which the Government will claim the defendants would cause Merritt to enter into "agreements" with defendant Kosow.

J(3). State whether the Government will claim that said "agreements":

(b) specified the future date on which Merritt would purchase said stock from defendant Kosow and his nominees. If so, state said date;

K(2). State the date or dates on which the Government will claim defendant Wolfson would "personally guarantee" said "obligations."

L(4). State the date or dates on which the Government will claim defendants Gerbert, Rittmaster and Kosow would allegedly purchase Merritt common stock on the New York Stock Exchange.

M(1). State the date or dates on which the Government will claim defendants Wolfson, Gerbert, Staub and Kosow would cause Merritt to purchase "hundreds of thousands of shares of Merritt common stock" from defendant Kosow and his nominees.

The Government, in its bill, gave dates in terms of years. For instance, in response to J(1) above, the Government said "1961–1963". The responses to the other requests were similar.

■ The Government in this regard has complied with Judge Cooper's directive to furnish the "approximate date" inasmuch as the proof on which it relies is circumstantial. Only the jury, as triers of facts, can determine the dates with greater certainty on the basis of the evidence before it and subject to appropriate instructions from the Court. The Government is not, as is suggested by the defendants, required to give detailed information as to the agreements and activities it claims took place. The defense cannot compel the Government to summarize or disclose its proof, particularly that expected from witnesses. It is enough for the defendant in the

preparation of his case to be apprised of the approximate dates of the alleged occurrences. It is well settled in this district that matters which are largely evidentiary in nature need not be disclosed by the prosecution prior to trial. United States v. Kahaner, 203 F.Supp. 78 (S.D.N.Y. 1962), aff'd 317 F.2d 459 (2d Cir.), cert. denied 375 U.S. 836, 84 S.Ct. 74, 11 L.Ed.2d 65 (1963); United States v. Bentvena, 193 F.Supp. 485 (S.D.N.Y. 1960), aff'd 319 F.2d 916 (2d Cir. 1963), cert. denied [Ormento v. U. S., Di Pietro v. U. S., Fernandez v. U. S., Panico v. U. S., Galante v. U. S., Loicano v. U. S., Mancino v. U. S., Sciremammano v. U. S., Mirra v. U. S.] 375 U.S. 940, 84 S.Ct. 345, 346, 353, 354, 355, 360, 11 L.Ed.2d 271, 272 (1963).

■ The defendants also challenge the Government's compliance with Judge Cooper's order for disclosure pursuant to Fed.R.Crim.P. 16. Judge Cooper ordered the Government to turn over documents representing agreements of Merritt-Chapman with Kosow to purchase shares and obligations guaranteed by Wolfson in connection therewith. If the Government has documents of this kind which they have not turned over they should do so. However, the Government is not bound, under Judge Cooper's order, to summarize the nature of the agreements it claims took place but which are not in documentary form. The Government asserts that it will attempt to prove certain agreements by means of circumstantial evidence. The Government is not held to a requirement of disclosing or summarizing its evidence in this regard.

■ Judge Cooper ordered the Government to produce copies of the documents it claims the defendants destroyed in furtherance of the conspiracy, if the Government in fact had any. The Government has handed over certain docu-

ments. However, it did not identify those which it claims the defendants destroyed. In compliance with Judge Cooper's order the Government is instructed to advise the defendants which of the documents it turned over it alleges the defendants destroyed in furtherance of the conspiracy. Again the defendants ask for a summary by the Government of its contentions as to the nature of other agreements. The disclosure under Rule 16, however, relates to documents. It does not require the Government to summarize evidence or its contentions with respect thereto.

■ Finally, the defendants request that the Government identify witnesses whom Gerbert and Kosow attempted to influence to testify falsely. Judge Cooper denied a similar request. No new basis has been suggested for this motion. Furthermore the indictment does not charge that Gerbert and Kosow actually did suborn perjury but that they unlawfully conspired to do so. This branch of the motion is denied.

### Motion for Production of Exculpatory Evidence Under Brady v. Maryland Rule

■ The defendants have moved for production by the prosecution of any exculpatory evidence under the rule of Brady v. State of Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). In this connection, however, the defendants have not asked for any specific evidence, but rely upon a dragnet request. In this posture the motion can only serve as a reminder of the heavy responsibility resting upon the prosecutor pursuant to the rule laid down in Brady v. State of Maryland, supra. See also, United States v. Keogh, 391 F.2d 138, (2d Cir. Feb. 2, 1968).[1] The essence of the rule is that it is a violation of due process for the prosecution to withhold

1. The Court made the following statement at the hearing on this motion:

The Government is well aware of the serious responsibility it has under Brady against Maryland, and I admonish them

now to keep that very much in mind at this time and throughout the trial. (Transcript of hearing February 26, 1968, p. 147).

evidence favorable to the accused which is material either to his guilt or punishment. But in United States v. Manhattan Brush Co., 38 F.R.D. 4 (S.D.N.Y. 1965), this Court decided that principles of fairness in the conduct of criminal prosecutions in the context of the Brady v. State of Maryland decision did not place the prosecutor under an obligation to make pretrial disclosures. "This is not to say that prosecutions are free to proceed without trammel in advance of trial,[2] but that the measure of fairness cannot appropriately be taken short of trial." Id., at p. 6. Without any evidence before it, without knowing what the evidence may be, without being able to assess the impact of the Government's evidence, and without any knowledge of what may be in the prosecutor's possession, the Court must rest, at least at this stage of the proceedings, upon the Government's awareness of the warning implicit in the Brady v. State of Maryland decision. See United States v. Cobb, supra.

### Motion Challenging the Composition of the Grand Jury

Here too a similar motion was made before Judge Cooper and denied. In effect the present motion, although differently worded, is a renewal of that motion. Hearings on a similar motion are scheduled to be conducted before Judge Tyler of this court. In order to preserve the rights of the defendants without duplication of judicial effort, the disposition of this motion will be held in abeyance pending the conclusion of these hearings and Judge Tyler's decision. This disposition is intended to leave both the defendants and the Government free to deal with the matter before this Court without the necessity of preparing new motion papers. This Court has already stated its disposition to adopt as part of this record the record of the proceedings before Judge Tyler. (P. 150,

**2.** See footnote discussing pre-trial restraints on prosecutor under Supreme Court decisions and the Federal Rules of

et seq. of minutes of hearing of February 26, 1968.)

It follows that the motions are denied in part and granted in part.

The Government is directed to submit an order on notice.

Criminal Procedure. United States v. Manhattan Brush Co., supra at p. 6.