COMMONWEALTH *vs.* BERNARD PAYNE.

Berkshire. September 17, 1940. — October 29, 1940.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Lottery. Theatre. Practice, Criminal,* Charge to jury, Requests, rulings and instructions.

Evidence that the proprietor of a theatre advertised offering purchasers of admission tickets on a certain night an opportunity for a prize whose winner was determined by chance warranted a finding that some at least of the patrons on that night paid money both for an opportunity to see the show and for a chance to win the prize, and warranted a conviction of setting up and promoting a lottery under G. L. (Ter. Ed.) c. 271, § 7, although the price and the show were the same on that night as on others.

A trial judge who gave full and adequate instructions as to the main issue in a criminal case committed no error in refusing instructions as to possible states of facts upon which the jury could acquit the defendant.

THREE COMPLAINTS, received and sworn to in the District Court of Northern Berkshire on June 10 and June 11, 1940.

On appeal to the Superior Court, the complaints were tried before *T. J. Hammond,* J. The defendant was found guilty and alleged exceptions.

*H. A. Glovsky,* for the defendant.

*H. R. Goewey,* Assistant District Attorney, for the Commonwealth.

QUA, J. The defendant has been found guilty at the trial together of three complaints against him for setting up and promoting a lottery. G. L. (Ter. Ed.) c. 271, § 7. He excepts to the denial of his motion for a directed verdict in his favor in each case, to the refusal of a requested ruling, and to parts of the charge.

There was sufficient evidence to warrant conviction.

The defendant, manager of a moving picture theatre in North Adams, on the three nights to which the complaints related conducted at the theatre in addition to the regular

program a game "similar to Beano or Bingo" and called "Lucky Strike." The game need not be described in great detail. Each person purchasing an admission ticket to the theatre was also given a yellow card "similar to a Beano or Bingo card" and containing five rows of numbers with five numbers in a row. The patron was to punch out numbers on his card corresponding to the numbers at which the arrow should stop on the "number wheel" shown on the screen. Those who could thus punch out five numbers "down," "across," or "diagonally" won a chance to participate in money prizes, the amount of which depended in part upon the sum in the "bank" and in part upon the places where the "dial" stopped on the "pay-off wheel," also shown on the screen. Thus the winners and the amounts of their winnings were dependent upon the rotation of these so called wheels. The defendant concedes that the game involved prizes determined by chance, but contends that there was no evidence to establish the remaining necessary element in a lottery, to wit: the payment of a price for the chance. See *Commonwealth* v. *Wall*, 295 Mass. 70, 72, and cases cited.

Bearing upon this contention there was evidence that a sign about six feet by four feet in size placed in the lobby of the theatre read, "For fun and profit — play Lucky Strike — You play — We Pay. Saturday night, 8:55 P.M." Evidence introduced by the defendant tended to show that on Saturday nights, when "Lucky Strike" was played, the show was the same as on Thursday and Friday nights of the same week; that the admission fee was the same on Saturday nights as on other nights; that there was "no more than a normal exodus of the patrons" immediately before and after the game was played; that there was a diminution of patronage on the successive Saturday nights mentioned in the complaints; and that some of the patrons left their yellow cards at the box office or threw them away. It was admitted, however, that no one could secure a yellow card or become entitled to play the game unless he purchased a ticket to the theatre.

Obviously the purpose of the defendant in setting up the

game was to induce persons to buy tickets to the theatre. This purpose could be realized only to the extent that the privilege of playing tended to persuade persons to pay for tickets. On Saturday nights the defendant advertised by means of the sign and offered to patrons both the opportunity to see the show and the opportunity to play the game. The jury could find that on those nights some at least of the patrons paid their money for both opportunities and therefore paid a price for the chance to win. It is difficult to see how an intelligent jury could find otherwise. The fact that on Thursday and Friday nights both the show and the price were the same as on the following Saturday night was by no means conclusive that those who paid on Saturday night did not pay in part for the chance to play. The case falls within the authority of *Commonwealth* v. *Wall*, 295 Mass. 70, and *Commonwealth* v. *Heffner*, 304 Mass. 521, and, indeed, is stronger for the Commonwealth than either of those cases in that in this case all players of the game were required to purchase tickets.

There was no error in refusing to give in terms a requested instruction that if the jury found there was no increase in the price of admission or change in the show on "Lucky Strike" night they might find the defendant not guilty. The case was submitted to the jury upon full instructions in the course of which the judge repeatedly stated affirmatively that payment of a price was an element in the offence charged. He also instructed the jury that the Commonwealth must prove the defendant's guilt beyond a reasonable doubt. Having given the jury a rule for their guidance, he was not required to discuss in addition particular possible states of facts upon which the jury could acquit the defendant. *Buckley* v. *Frankel*, 262 Mass. 13, 15, 16. *Commonwealth* v. *Polian*, 288 Mass. 494, 499.

The judge did not instruct the jury, as the defendant's counsel stated in taking an exception, that the facts that there were no increase in price and no change in program on Saturday nights were "immaterial." The statements of the judge to which this exception may have been intended

to refer, when taken in connection with the rest of the charge, did not in our opinion constitute error.

There was no error in charging the jury in substance that if they believed no one could play the game unless he paid for a ticket to the theatre they would be "warranted on that evidence" in finding that a price was paid for the yellow cards.

In each case the entry will be

*Exceptions overruled.*