COMMONWEALTH *vs.* ROBERT EVERETT COOK.

Suffolk.    April 5, 1966. — June 27, 1966.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Practice, Criminal,* Disclosure of evidence before grand jury, Assistance of counsel, Findings by judge, Voir dire, Ordering verdict, Comment by judge, Requests, rulings and instructions, Charge to jury.

The disposition of a motion by the defendant in a criminal case to inspect before trial the minutes of the grand jury which indicted him lies in the discretion of the court.   [232–233]

After the judge at a criminal trial had ruled promptly at the close of a voir dire that certain evidence was admissible, it was proper procedure for him, following a verdict of guilty and a claim of appeal, to file a document setting forth the findings made by him on the testimony taken at the voir dire.   [234]

Statements made by the defendant in a criminal case to police were not inadmissible at his trial on the ground that they had been made in the absence of counsel where it appeared that before making the statements he had been informed of his rights to be silent and to secure counsel but that he did not wish counsel at that time and then made the statements voluntarily.   [235–236]

There was at a murder trial no error nor failure to comply with G. L. c. 278, § 11, as amended through St. 1964, c. 108, §§ 1, 2, in denial of a motion, filed by the defendant at the close of the Commonwealth's case, for a directed verdict of not guilty of murder in the first degree where the evidence at that time warranted a verdict of first degree murder, although in the charge after the close of all the evidence the judge instructed the jury not to return a verdict of first degree murder.   [236]

No error appeared at a murder trial in a comment made by the judge on ordering struck from the record a hearsay statement volunteered by a witness asserted by the defendant to be his witness.   [236]

A judge who at a criminal trial left the general issue of credibility of witnesses to the jury with adequate instructions was not required to analyze in that regard the testimony of a particular witness for the Commonwealth.   [236–237]

After the judge during a criminal trial had stated that he would instruct the jury as to a certain matter in his charge, his failure to do so was not reversible error where the matter was not brought to his attention again either before or after the charge.   [237]

INDICTMENT found and returned in the Superior Court on February 2, 1965.

The case was tried before *Murray, J.*

*Lawrence F. O'Donnell (John B. Greene* with him) for the defendant.

*John F. McAuliffe,* Assistant District Attorney *(James F. Sullivan,* Legal Assistant to the Assistant District Attorney, with him), for the Commonwealth.

KIRK, J. On an indictment charging him with the murder of William John Treannie at Boston on November 8, 1964, the defendant Cook at a trial held subject to G. L. c. 278, §§ 33A–33G, was found guilty of murder in the second degree. The case is before us on appeal under G. L. c. 278, § 33E, as amended through St. 1962, c. 453.

Treannie was shot to death by two bullets which lodged in his brain. His body, decapitated and dismembered, was found by police in suitcases and a quilt at a vacant lot on November 13, 1964.

The evidence established that Treannie was killed in an apartment at 1585 Washington Street, Boston, where he lived with Cook and one William Murray. When the crime came to the attention of the police, Cook and Murray were missing.

Both Cook and Murray were indicted for the murder of Treannie. There was eyewitness testimony that during an argument in the apartment, after an afternoon and evening of drinking with Murray, Treannie and others in various establishments, Cook shot Treannie twice through the back of the head. At the close of the trial, the judge directed a verdict of not guilty for Murray. He directed a verdict of not guilty of so much of the indictment as charged Cook with murder in the first degree.

We have considered all of Cook's assignments of error. We discuss only those which he has argued. Our presentation is somewhat handicapped by the fact that in his brief Cook alleges violations of constitutional rights without specification and without citation of authorities to support any of his contentions of error.

Cook's first assignment of error relates to the judge's denial of his motion that he be permitted to examine before

trial the minutes of the grand jury. The motion was based on the ground that Cook wanted "reasonable knowledge of the nature and grounds of the crime and [to] be able to prepare his defense." The nature of the crime and the means by which it was perpetrated were given to Cook in the Commonwealth's bill of particulars. Cook argues, nevertheless, that he is entitled to examine the minutes of the grand jury as matter of right. This court has repeatedly stated that the disposition of such a motion rests in the discretion of the judge. *Commonwealth* v. *Giacomazza,* 311 Mass. 456, 462. *Commonwealth* v. *Galvin,* 323 Mass. 205, 211. *Commonwealth* v. *Kiernan,* 348 Mass. 29. *Commonwealth* v. *Ladetto,* 349 Mass. 237. No reason has been offered for the exercise of discretion in favor of Cook. Our reading of the transcript does not disclose any fact which might cause the judge to read, as a precaution, the minutes of the grand jury, as was done in *Commonwealth* v. *Kiernan,* 348 Mass. 29, 36, to determine if a particularized need existed to provide Cook with any part of the record of the proceedings before the grand jury. The rule in the Federal courts appears to be the same as our own. See *Pittsburgh Plate Glass Co.* v. *United States,* 360 U. S. 395, 400, and *Dennis* v. *United States,* 384 U. S. 855, 868–875. There was no error.

Cook's second major argument, encompassing assignments 6, 8, 9, 10, 23, 24 and 29, is apparently directed to two ends. The first of these is the denial of his motion to suppress evidence in the form of statements made by Cook to police officers when he was without counsel at a time when he alleges he was entitled to have counsel and allegedly asked to have counsel. The second is the denial of his motion to suppress statements made by him in the presence of police officers at the suggestion of his then counsel at preliminary proceedings in the Boston Municipal Court. Cook's contention is that the suggestion of his counsel revealed the latter's professional incompetence, with the result that Cook was, in effect, without counsel as guaranteed by the Sixth Amendment to the Constitution of the United

States. With respect to both aspects of the motion to suppress, the judge filed on June 2, 1965, following Cook's claim of appeal on May 26, 1965, a document entitled "Findings, Rulings and Order on Defendant Cook's Objections to Admissibility of Evidence." The document consists of four and one-half pages of the printed record. The defendant moved that the document be struck from the record, and assigns as error the judge's refusal to do so. We consider first this quite extraordinary contention. The judge promptly made his ruling on the admissibility of the testimony of the police officers at the conclusion of an extended voir dire which included testimony of both Cook and Murray as well as several of the police officers. The trial was resumed and proceeded to verdict. The document filed by the judge sets out specifically the findings of fact made by him on the evidence heard at the voir dire.

The procedure adopted by the judge was a prudent step toward perfecting the record when it appeared that appellate review would be sought of the factual basis for his determination that the rules for police conduct, prescribed from time to time by the Supreme Court of the United States, had been followed. See *Townsend* v. *Sain,* 372 U. S. 293, 312–319; *Henry* v. *Mississippi,* 379 U. S. 443, 453. The time of the filing of the document was as soon as practicable, i.e., after the transcript was certified as correct following the verdict of guilty, and after the defendant had filed his claim of appeal. To require, as the defendant appears to argue, that the judge file his specific findings simultaneously with his ruling on admissibility, would result in delay in the progress of the trial and the imposition of a needless burden on the trial judge. If a defendant is found not guilty, or, if found guilty, does not appeal, the delay in the trial and the effort of the judge might serve no purpose. In appropriate cases, however, after a verdict of guilty even though no appeal is filed, a record of the essential facts found by the judge is desirable in the event a petition for a writ of error is subsequently filed by the defendant.

Commonwealth *v.* Cook.

We turn to the findings made by the judge. They are fully supported by the evidence. We need state only his conclusions of fact. As to the first aspect of the motion to suppress, the judge found that Cook and Murray, knowing that Treannie had been slain, went to New York and, while there, made telephone calls to Boston, and discussed at length between themselves what they would do and what they would say if they talked to the police. They returned to Boston, arranged to surrender and did surrender to the police at a place designated by Cook, and told the police the agreed story, which included a statement that they had hitchhiked to New York. Before any statement at all was made to the police concerning Treannie or the trip to New York, Cook was told by the police that he could remain silent and refuse to talk. He was informed, before any questioning took place about Treannie or his conduct in relation to Treannie, that he had the right to the use of the telephone at the police station for the purpose of arranging bail, of talking with relatives and friends, of talking with an attorney and of seeking the services of an attorney. "With the knowledge of the right to remain silent and the right and opportunity to seek advice, including advice of counsel, . . . [Cook] voluntarily agreed to talk with police officers and to answer questions by them relating to Treannie's killing and his own conduct before and after . . . the killing. He did not wish to consult with counsel, and he did not request opportunity to talk with counsel." He was free from "any form of coercion whatsoever, physical or psychological" and made the statements pursuant to the plan previously agreed upon with Murray.

The judge's findings and our own reading of the evidence point clearly to the conclusion that Cook was confident that he could convince the police of his innocence without the aid of counsel.

On the second aspect of the motion to suppress, little need be said. The judge found that at the hearing in the Municipal Court, Cook was represented by "a well-known and capable trial attorney of wide experience." The judge

found that the attorney's advice, although it eventually resulted in a statement by Cook that he and Murray had gone to New York, not by hitchhiking, but rather in a vehicle owned by Cook's sister which they abandoned upon arrival, was good advice when given, in light of the strong probability that Cook's disclosure to counsel was the same as the narrative to the police.   Whatever disadvantage accrued to Cook after he had counsel was the consequence of his own duplicity.

By assignment 11 Cook argues that since the judge instructed the jury in his charge that they could not return a verdict of guilty of murder in the first degree, it was error to have denied Cook's motion, filed at the close of the Commonwealth's case, for a directed verdict of not guilty of murder in the first degree.   The short answer to the argument is that at the close of the Commonwealth's case the evidence warranted a verdict of first degree murder.   We need not speculate on the reason or reasons which prompted the judge at the close of the entire case to reduce the crime charged to murder in the second degree.   There was no failure to comply with G. L. c. 278, § 11, as amended through St. 1964, c. 108, §§ 1, 2.

No error is shown in assignments 15 and 16 which relate to an impromptu comment made by the judge in ordering struck from the record a statement made by the codefendant Murray when testifying in his own defence.   Cook argues that Murray was his witness and that the judge's remark reflected on Murray's credibility.   There is no merit to either point.   Murray volunteered the information that his own brother had been murdered in January, 1965.   At that time Murray was in jail awaiting trial.   The judge's brief comment in striking the assertion was directed to the palpably hearsay nature of the witness's statement.

Assignment 25 is based on the refusal of the judge to give a requested instruction which in substance was an analysis of the testimony of a witness for the Commonwealth.   The instructions actually given on the general issue of credibility were adequate and properly left the determination of

the issue to the jury. The judge was not required to do more. *Commonweaelth* v. *Davis*, 284 Mass. 41, 51. *Commonwealth* v. *Polian*, 288 Mass. 494, 499, 500. *Commonwealth* v. *Payne*, 307 Mass. 56. *Commonwealth* v. *Lussier*, 333 Mass. 83, 93.

Assignment 26 concerns the omission from the charge of a specific instruction covering the limited purpose for which a record of conviction of crime (G. L. c. 233, § 21) may be introduced. Records of conviction were admitted against witnesses for the Commonwealth, against witnesses for the defendants and against Cook and Murray. At the conclusion of the testimony of one of the Commonwealth's witnesses, the judge said that he would later instruct the jury on the evidential significance of the records. In his charge, however, he failed to do so, and neither counsel called the oversight to the attention of the judge or claimed an exception. The omission is not ground for reversal when no request for an instruction on the point was made before the charge and no reminder of the omission was given to the judge after the charge. The pressing of the point now appears to us to be an afterthought. *Commonwealth* v. *Smith*, 342 Mass. 180, 188.

Upon consideration of the whole case under G. L. c. 278, § 33E, as amended, we find no reason to disturb the verdict.

*Judgment affirmed.*