PER CURIAM.
Appellant, George Leo Manon, was convicted of murder in the first degree, with a recommendation of mercy, and was thereupon sentenced to life in prison. From the judgment of conviction defendant has appealed.
The sole question before the jury was the issue of the sanity of the defendant at the time the crime was committed.
Appellant relies upon two points for reversal. It is argued that where the sole question before the jury is the issue of the sanity of the defendant, the expert witness’s testimony is tainted by virtue of their having reviewed inadmissible evidence prior to arriving with their expert conclusion that the defendant was sane. It is further contended that the trial court erred in denying the defendant the right to see the state attorney’s file after testimony by the expert witnesses that they had reviewed such file prior to coming to their expert conclusions.
We have concluded that the appellant’s contentions are without substantial merit. First, the fact that the two court appointed psychiatrists examined the state attorney’s file before testifying did not render their testimony inadmissible. It is true that the practice of submitting the state’s entire file to the psychiatrists was discouraged by the court; moreover, we are in agreement with the judge’s admonition to the state’s attorney that such practice should not be continued. Nevertheless, the testimony of these medical experts was not tainted. Neither psychiatrist testified as to any inadmissible evidence. Moreover, after inquiry by the court, both testified that their conclusions were not based on the information contained in the state attorney’s file. In their capacity as medical experts and also as disinterested witnesses, these two psychiatrists could be reasonably viewed by the trial judge, in his judicial discretion, as capable of considering only the facts contained in the hypothetical questions asked of them. Therefore, we hold that the trial court did not err in allowing the testimony of these experts.
Neither did the court err in denying defendant the right to see the state attorney’s file after testimony by the two psychiatrists that they had reviewed the file prior to coming to their expert conclusions. The defendant was not entitled to inspect statements of witnesses or pro *36 spective witnesses which were taken by the state attorney. The rule in this jurisdiction is that a defendant in a criminal case is not entitled to a transcript of statement of the state’s witnesses taken by the prosecution in the course of preparation of the trial unless they were taken before a magistrate or used by the prosecution at the trial. See Jackman v. State, Fla.App.1962, 140 So.2d 627 and cases therein cited.
The grounds relied on by the appellant for reversal have been considered in the light of the record, briefs, and arguments of counsel, and we have found no reversible error. Therefore, the judgment appealed is affirmed.
Affirmed.