226 So.2d 469 (1969)
STATE of Florida, Petitioner,
v.
William Henry DRAYTON, Respondent.
No. 69-250.
District Court of Appeal of Florida. Second District.
August 27, 1969.
*470 Joseph G. Spicola, Jr., State's Atty., and John S. Burton, Asst. State's Atty., Tampa, for petitioner.
Ronald K. Cacciatore, Tampa, for respondent.
LILES, Judge.
The State of Florida has petitioned for a writ of certiorari in this court seeking to vacate an order of the trial judge requiring that certain grand jury testimony be made available to the court for an in camera inspection. On an earlier occasion this court granted a temporary stay of the execution of the trial judge's order pending disposition of this petition.
Respondent, defendant below, was charged with the crime of rape. In argument before the trial judge on defendant's "motion for Grand Jury testimony" respondent argued that several inconsistencies in the prosecutrix's testimony had already appeared. She had given somewhat varying statements to police officers, and statements in her deposition conflicted with statements she was said to have given to police officers. The trial judge entered an order requiring an in camera inspection of the testimony by the prosecutrix before the grand jury to see if it exculpated or favored respondent in any way, and further to determine if her grand jury testimony conflicted with other evidence already before the court.
Upon entry of the order the state petitioned this court for certiorari, alleging that the trial court departed from the essential requirements of law in that under Florida law he is without power to enter such an order involving grand jury testimony in advance of trial. The state supports this allegation by citing Minton v. State, Fla. 1959, 113 So.2d 361, 364-366, and Jackman v. State, Fla.App. 1962, 140 So.2d 627, 630, for the proposition that pretrial examination of grand jury testimony is not permissible under Florida law. Respondent contends that any Florida law must give way to the due process clause of the Fourteenth amendment, which gives him the right to the issuance of such an order. Brady v. Maryland, 1963, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215; Williams v. Dutton, 5th Cir.1968, 400 F.2d 797.
If respondent is correct in his assertion that the trial judge's authority for issuing the order flows from the United States Constitution, then any Florida law *471 or practice to the contrary must be put aside. After careful examination, we are of the opinion that the accused in a criminal trial has the right, protected by the Constitution, to have the prosecution disclose to him favorable evidence material either to guilt or punishment with adequate time allowed to utilize it fully. However, he has no constitutionally protected right to examine such evidence prior to trial.
The leading case dealing with an accused's right to pretrial discovery is Brady v. Maryland, 1963, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215. There, counsel for one of the codefendants in a murder case asked prior to trial to examine the extrajudicial statements of the other defendant. A statement confessing to the actual killing was withheld by the prosecuting authorities, and the Court held that this amounted to a suppression of evidence in violation of the due process clause of the Fourteenth Amendment. That portion of the opinion most frequently relied upon is as follows:
"We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87, 83 S.Ct. at 1196-1197, 10 L.Ed.2d at 218.
Unfortunately, the United States Supreme Court has offered little assistance in exploring the ramifications of the broad principles of Brady. Giles v. Maryland, 1967, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737, found it unnecessary and inappropriate to examine the question of whether the prosecutor's constitutional duty to disclose extends to all evidence useful and admissible to the defense. Respondent has cited in oral argument Alderman v. United States, 1969, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176, as supporting the right of a defendant in a criminal case to pretrial inspection of evidence favorable to his case in the hands of the prosecutor. We cannot agree, since Alderman deals with the procedure best suited for determining whether illegally seized evidence is a substantial part of the case against the defendant. Thus other federal and state courts have been left with the task of interpreting Brady.
The problem of whether the right to obtain evidence favorable or exculpatory to the defendant in the hands of the prosecution may be satisfied during rather than prior to trial has been touched upon lightly by the federal circuit courts prior to Williams v. Dutton, 5th Cir.1968, 400 F.2d 797, the case most favorable to respondent's position. For example, the defendant in United States v. Jordan, 2d Cir.1968, 399 F.2d 610, 615, cert. denied, 393 U.S. 1025, 89 S.Ct. 496, 21 L.Ed.2d 469, complained that some of the favorable evidentiary material in the government's possession, which was disclosed to defense counsel, was not disclosed until trial. The court replied that it did not consider the complaint substantial without a showing of prejudice. In Lee v. United States, 9th Cir.1968, 388 F.2d 737, it was suggested that the disclosure on the prosecution's part should be "at the time of trial." 388 F.2d at 739.
There has been no positive pronouncement in the case law of the federal district courts regarding this problem. One of the first cases to consider the matter was United States v. Manhattan Brush Co., S.D.N.Y. 1965, 38 F.R.D. 4, which involved an alleged making of false claims against the government. A motion was made for all evidence in the possession or control of the United States Attorney favorable to defendants or which would tend to exculpate them under the authority of Brady. It was held that the defendants could not obtain pretrial discovery of the statements of witnesses and summaries of witnesses' interviews, although they could obtain them after the witnesses testified at trial. After stating its belief that Brady referred to the *472 application of tests of fairness to the prosecution at trial, the court concluded:
"In sum, while the Government has an important duty to conduct criminal prosecutions fairly, its obligations must be examined and tested after trial, not before. It would be difficult if not impossible to assess the fairness of a prosecution prior to the time the prosecution formally rests its case at trial." 38 F.R.D. at 7.
On the other hand, United States v. Gleason, S.D.N.Y. 1967, 265 F. Supp. 880, while first holding that not all favorable or exculpatory evidence need be disclosed, disagreed with Manhattan Brush as to whether any disclosure should or may be ordered prior to trial. The court questioned whether there should be a blanket rule postponing to trial all disclosure of this type. Contra, United States v. Kaminsky, S.D.N.Y. 1967, 275 F. Supp. 365, 368. Also, both United States v. Cobb, S.D.N.Y. 1967, 271 F. Supp. 159, and United States v. Curry, N.D.Ill. 1967, 278 F. Supp. 508, stand for the proposition that a right under Brady to pretrial discovery may attach if there is a showing by the defense of a particularized need. See also United States v. Westmoreland, S.D.Ind. 1967, 41 F.R.D. 419, 427.
More recent federal district court decisions, however, tend to advert to the positions of the earlier cases. United States v. Armantrout, S.D.N.Y. 1968, 278 F. Supp. 517, 518, without citing its opinion in Gleason, supra, cited instead Manhattan Brush, supra, for the proposition, which it followed, that no pretrial remedies were intended to be created by Brady. United States v. Wolfson, S.D.N.Y. 1968, 289 F. Supp. 903, is in agreement that Brady does not place the prosecution under an obligation to make pretrial disclosures.
"Without any evidence before it, without knowing what the evidence may be, without being able to assess the impact of the Government's evidence, and without any knowledge of what may be in the prosecutor's possession, the Court must rest, at least at this stage of the proceedings, upon the Government's awareness of the warning implicit in the Brady v. State of Maryland decision." 289 F. Supp. at 915.
United States v. Zirpolo, D.N.J. 1968, 288 F. Supp. 993, took the approach that the full measure of disclosure obtainable in criminal proceedings is prescribed by the Federal Rules of Criminal Procedure; and thus Brady was not intended to create an additional pretrial discovery vehicle. However, neither Armantrout, Wolfson or Zirpolo dealt with a situation where there was a pretrial showing of a particularized need, and to this extent these opinions, although broadly drawn, are limited to their facts.
State cases on the subject are treated in a rather exhaustive annotation in 7 A.L.R.3d 32 (1966). While several cases have applied Brady during or after trial, none have held that Brady gives a defendant the right to pretrial discovery of favorable or exculpatory evidence. See, e.g., Mears v. State, 83 Nev. 3, 422 P.2d 230 (Nev. 1967), cert. denied, 389 U.S. 888, 88 S.Ct. 124, 19 L.Ed.2d 188.
It is with this rather mixed background that the principal case supporting respondent's constitutional argument, Williams v. Dutton, 5th Cir.1968, 400 F.2d 797, must be viewed. It arose as follows. Prior to the trial of a particularly gruesome murder case, counsel for defendant-appellant Williams moved for production, inter alia, of the record of grand jury proceedings. The state trial court denied these production motions, and defendant was convicted. Defendant argued in petitioning for a writ of habeas corpus in the federal district court that this denial violated rights protected by the due process clause, asserting that the refusal of production was equivalent to a suppression of evidence proscribed in Brady. The district court denied the relief sought, and defendant appealed to the Fifth Circuit Court of Appeals. In reversing the district court's decision the court *473 relied on Brady and interpreted it as follows:
"It is now clear that Brady imposes an affirmative duty on the prosecution to produce at the appropriate time requested evidence which is materially favorable to the accused either as direct or impeaching evidence." 400 F.2d at 800 (emphasis added).
The court first found that no showing of favorability need have been made by the defendant. Secondly, it remanded the case to the state court to determine in camera whether favorable evidence material either to guilt or punishment had been suppressed, and in doing so to consider the record of the grand jury proceedings.
The Williams case should be closely examined to avoid a reading that would imply a radical departure from prior federal cases. The first is the statement to the effect that no showing of favorableness need be made by the defendant for production of evidence under Brady. Since the motion at issue was made prior to trial, this could be interpreted to apply to pretrial motions. But if this is so, Williams stands alone. As yet, no federal or state case has concluded that Brady and the Fourteenth Amendment necessitate pretrial disclosure of evidence favorable to the accused without some predicate first being established. See United States v. Tomaiolo, 2d Cir.1967, 378 F.2d 26, cert. denied, 389 U.S. 886, 88 S.Ct. 159, 19 L.Ed.2d 184; United States v. Wolfson, S.D.N.Y. 1968, 289 F. Supp. 903; United States v. Westmoreland, S.D.Ind. 1967, 41 F.R.D. 419; United States v. Cobb, S.D.N.Y. 1967, 271 F. Supp. 159; United States v. Curry, N.D.Ill. 1967, 278 F. Supp. 508. However, United States v. Westmoreland, supra, suggests that a predicate need not be established to support such a motion if made after the close of the prosecution's case. See also Carter, Suppression of Evidence Favorable to an Accused, 1964, 34 F.R.D. 87, 91. Since Williams involves post-conviction consideration of whether a new trial should be granted rather than a precise decision on pretrial disclosure and the mechanics for its implementation, it should be read as an extension of the Westmoreland case rather than as a deviation from prior case law.
Secondly, Williams is susceptible of the interpretation that it holds Brady to extend to criminal defendants a right to pretrial discovery of favorable or exculpatory evidence. However, it should be recalled that the court in Williams specifically held that "Brady imposes an affirmative duty on the prosecution to produce at the appropriate time requested evidence which is materially favorable to the accused * * *" 400 F.2d at 800 (emphasis added). If "at the appropriate time" be read to mean simply that such evidence must be disclosed in a manner so that a defendant can make full use of it, whether prior to trial or during trial with appropriate continuances, etc., then Williams is consistent with prior law on the subject discussed above and we are in agreement with its holding. It should be noted, however, that if it appears after trial that a defendant could only have made full use of evidence required to be disclosed under Brady prior to trial and he was substantially prejudiced in his right to a fair trial as a result, then he must be given a new trial. United States v. Gleason, S.D.N.Y. 1967, 265 F. Supp. 880. See A.B.A. Project on Minimum Standards for Criminal Justice, May 1969, Standards Relating to Discovery and Procedure before Trial at 73-75. But a defendant has no constitutionally protected right to have an evidentiary determination under Brady made prior, rather than during or after, trial. United States v. Cobb, S.D.N.Y. 1967, 271 Supp. 159; United States v. Curry, N.D. Ill. 1967, 278 F. Supp. 508. See Traynor, Ground Lost and Found in Criminal Discovery, 1964, 39 N.Y.U.L.Rev. 228, 242 n. 77.
Respondent concedes in his brief that if he has no constitutionally protected right to pretrial examination of grand jury testimony, then applicable Florida law forecloses the issuance of an order for such an examination. *474 However, we are of the opinion that respondent concedes too much; for a careful examination of relevant decisions reveals no insuperable barrier to an inspection such as was ordered by the court below.
The leading case of Minton v. State, Fla. 1959, 113 So.2d 361, involved a pretrial motion for an order requesting the state to make available to defendant all portions of the grand jury report applicable to his case. The motion was sworn to by the defense counsel "upon information, knowledge and belief," and was denied by the trial judge. The Florida Supreme Court, upon granting certiorari from a decision by this court affirming the trial court's ruling, agreed with the decision. As to the point here on issue, the court stated:
"[E]xcept as to grand jury testimony upon which a charge of perjury or subornation of perjury is based  an accused in a criminal case has no right to inspect, in advance of trial, the grand jury testimony of the witnesses who will be called by the State to testify against him at the trial for the purpose of preparing his defense." 113 So.2d at 364.
Thus while there is no right to such pretrial inspection, Minton must, not be read to foreclose the possibility of a trial judge holding an in camera inspection prior to, rather than during, the course of the trial. Cf. Note, Discovery in Criminal Proceedings, 1960, 13 U.Fla.L.Rev. 242. This point is buttressed by Fla. Stat. § 905.27, 1967, F.S.A., forbidding disclosure of a witness's testimony or other evidence except when "permitted by the court in the furtherance of justice." Phrases similar to "in the furtherance of justice" are not strangers to this area of the law. See Pittsburg Plate Glass Co. v. United States, 4th Cir.1958, 260 F.2d 397, 404, aff'd 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed.2d 1323, quoted with approval in Minton v. State, supra 113 So.2d at 367; Gordon v. State, Fla. 1958, 104 So.2d 524, 537.
Petitioner cites Jackman v. State, Fla. App. 1962, 140 So.2d 627, as authority for the rule that without exception a pretrial examination of grand jury testimony is not permissible under Florida law. However, we are unable to find support for this proposition in the case itself. Pretrial motion for examination of grand jury testimony was not involved in Jackman, and the court affirmed a denial of a motion for examination of grand jury testimony made in the course of the trial on the basis that the trial judge was within his discretion in holding that no proper predicate had been laid for an in camera inspection. There was no suggestion that the trial judge could not have granted the motion either during trial or prior to trial. The court did state that "The rule in this jurisdiction is that a defendant is not entitled to a transcript of statements of state witnesses taken by the prosecution in the course of preparation for trial unless they were taken before a magistrate or are used by the prosecution at trial." 140 So.2d at 630. Without passing on the present validity of this statement in light of recent federal decisions,[1] it clearly refers to other than grand jury testimony. 140 So.2d 627, 629-630.
Formulation of a procedure suitable for carrying out the design of Brady and its progeny is not a new problem. See, e.g., United States v. Cobb, S.D.N.Y. 1967, 271 F. Supp. 159; United States v. Curry, N.D. Ill. 1967, 278 F. Supp. 508; United States v. Gleason, S.D.N.Y. 1967, 265 F. Supp. 880; United States v. Westmoreland, S.D. Ind. 1967, 41 F.R.D. 419; Carter, Suppression of Evidence Favorable to an Accused, 1964, *475 34 F.R.D. 87; A.B.A. Project on Minimum Standards for Criminal Justice, May 1969, Standards Relating to Discovery and Procedure before Trial at 73-75. The court in Williams favored, in the circumstances of the case, in camera examination of the demanded evidence to determine whether favorable evidence material to guilt or punishment had been suppressed, although it held that a showing that the evidence was favorable was not required for Brady to apply. The Florida Supreme Court, in a similar situation, has agreed that a positive showing of inconsistency between trial and grand jury testimony should not be required for an in camera inspection, although a bare allegation of favorableness would not suffice. Minton v. State, Fla. 1959, 113 So.2d 361, 366-67. See Trafficante v. State, Fla. 1957, 92 So.2d 811, 815.
Several interests must be taken into consideration in fashioning an appropriate procedure for in camera inspection of grand jury testimony. First, there is the traditional rule of secrecy in grand jury proceedings, the underlying policy being:
"[T]o protect the jurors themselves; to promote a complete freedom of disclosure; to prevent the escape of a person indicted before he may be arrested; to prevent the subornation of perjury in an effort to disprove facts there testified to; and to protect the reputations of persons against whom no indictment may be found." Minton v. State, supra, 113 So.2d at 365.
However, as was pointed out in State ex rel. Brown v. Dewell, 1936, 123 Fla. 785, 794, 167 So. 687, 690, the purpose and policy behind secrecy of grand jury proceedings are largely accomplished after the indictment has been found and published, and custody of the one indicted had, and the grand jury finally discharged. See also Calkins, Grand Jury Secrecy, 1964-65, 63 Mich.L.Rev. 455; Sherry, Grand Jury Minutes: The Unreasonable Rule of Secrecy, 1962, 48 Va.L.Rev. 668. It should be recognized that in camera examination must be essentially unilateral, due to the defendant's right to remain silent, although this must be weighed against the generally superior investigatory resources of the state. See Dennis v. United States, 1966, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973; Williams v. Dutton, supra, 400 F.2d 797, 800-801; Goldstein, The State of the Accused; Balance of Advantage in Criminal Procedure, 1960, 69 Yale L.J. 1149. Yet adversariness is only one means to ascertainment of facts that will hopefully shed light on the truth, and it is not the only touchstone for criminal justice. See Louisell, The Theory of Criminal Discovery and the Practice of Criminal Law, 1961, 14 Vand.L.Rev. 921.
After considering these interests, it seems to us that the ends of justice would best be served by first requiring a predicate to be laid by the defendant seeking in camera inspection of grand jury testimony. While it would be impossible to fashion an ironclad rule for all cases, the motion for inspection should be above the level of a fishing expedition. See Minton v. State, supra, 113 So.2d 361, 366-367. Once the defendant lays the proper predicate, the court should determine in camera whether the evidence in issue is favorable and material either to guilt or to punishment of the accused. If the court finds it material and favorable, Brady requires that it be given to the defendant. If it is thought after trial that error was committed, the appellate courts would retain the right to review the trial court's ruling.
Applying these principles to the facts of the instant case, it is apparent that respondent stated a sufficient predicate to enable the trial court to examine the grand jury testimony in camera; and the decision of that court to make the examination prior to trial is not for this court to disturb.
The writ of certiorari is therefore denied.
HOBSON, C.J., and McNULTY, J., concur.
NOTES
[1] See, e.g., Brady v. Maryland, 1963, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215; Williams v. Dutton, 5th Cir.1968, 400 F.2d 797. See also Giles v. Maryland, 1967, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737; United States v. Westmoreland, S.D.Ind. 1967, 41 F.R.D. 419. But cf. Peek v. United States, 9th Cir.1963, 321 F.2d 934, 5 A.L.R.3d 802, cert. denied, 376 U.S. 954, 84 S.Ct. 973, 11 L.Ed.2d 973. Compare Manon v. State, Fla.App. 1969, 220 So.2d 34.