PER CURIAM.
The appellant was charged by indictment with the crime of murder in the first degree. On trial before a jury she was convicted of second degree murder, and sentenced to imprisonment for the term of twenty years. On her appeal therefrom it is contended the court erred (1) by holding to be admissible a statement given by the defendant to the police; (2) by refusing to “give to the defense the minutes of the Grand Jury relating to the case;” and (3) by denying defendant’s motion for a directed verdict. Upon consideration thereof in the light of the record, briefs and argument we hold that no reversible error has been shown.
The defendant’s statement to the police was voluntarily made after having been informed of her rights. Moreover, it was exculpatory in character, with the result that following her statement she was released by the police, and her subsequent indictment was the result of evidence relating to the incident obtained on later investigation. Denial of defendant’s request for the production of minutes of the grand jury proceedings was not an abuse of discretion, in the circumstances of this case. See Minton v. State, Fla.1959, 113 So.2d 361, 365; State v. Drayton, Fla.App.1969, 226 So.2d 469. A request for production of the grand jury minutes, claimed by the defendant to have been made prior to trial, was not entitled to be granted. Minton v. State, supra. The further contention that such request was made at trial is not supported by the record, which fails to show any clear request therefor, but rather to reveal a request for production of statements of various witness *811 es made to the police, the refusal of the court to grant the latter request not being challenged in the appellant’s brief. Denial of defendant’s motion for directed verdict was not error. The evidence was clearly sufficient upon which to submit the case to the jury, and to support the conviction.
Affirmed.