### STATE OF FLORIDA v. KYLES and STATE OF FLORIDA v. LEWIS
Case Nos. 74-1376 CF and 74-1147 CF
Fifteenth Judicial Circuit, Palm Beach County
June 12, 1974

State Attorney's Office, for plaintiff.

Public Defender's Office, for defendants.

JAMES T. CARLISLE, Acting Circuit Judge.

Defendants have moved to obtain the statements of the witnesses who appeared before the Grand Jury that indicted them. Defendants requested an in camera inspection and that the transcripts be available at trial for possible purposes of impeachment.

Defendants admit they are unable to show a particularized need for these statements. However, Defendants point out, quite correctly, that unless they know the content of the statement they never will be able to show a particularized need.

Section 905.27 Florida Statutes provides as follows:

"(1) A grand juror, state attorney, assistant state attorney, reporter, stenographer, interpreter, or any other person appearing before the grand jury shall not disclose the testimoney of a witness examined before the grand jury or other evidence received by it except when required by a court to disclose the testimony for the purpose of

(a) Ascertaining whether it is consistent with the testimony given by the witness before the court;

(b) Determining whether the witness is guilty of perjury; or

(c) Furthering justice."

The leading Florida cases, *State v. Gillespie*, 227 So.2d 550 and *State v. Drayton*, 226 So.2d 469 are illuminating.

The American Bar Standards Relating to Discovery Before Trial, Section 2.1(a)(i), (iii) provides as follows:

"(a) Except as is otherwise provided as to matters not subject to disclosure (section 2.6) and protective orders (section 4.4), the prosecuting attorney shall disclose to defense counsel the following material and information within his possession or control:

(i) the names and addresses of persons whom the prosecuting attorney intends to call as witnesses at the hearing or trial, together with their relevant written or recorded statements;

(iii) those portions of grand jury minutes containing testimony of the accused and relevant testimony of persons whom the prosecuting attorney intends to call as witnesses at the hearing or trial"

A copy of the commentary following this standard is attached hereto and made a portion of this order.

Rule 3.220(a)(1)(ii), Criminal Procedure, provides that the prosecutor shall permit the defendant to copy

"The statement of any person whose name is furnished in compliance with the preceding paragraph. The term "statement" as used herein means a written statement made by said person and signed or otherwise adopted or approved by him, or a

stenographic, mechanical, electrical, or other recording, or a transcript thereof. . .''

This rule appears to embrace the prior recorded statements of the grand jury witnesses.

It cannot be said that subsection (v) of this rule excludes the statements of the other witnesses inasmuch as the defendant has always been entitled to copies of his own statements. Rules of statutory construction require that if subsection (v) were to restrict subsection (iii) it must do so more explicitly.

It is also noted that the effective date of the rule is February 1, 1973, subsequent to *Gillespie* and *Drayton*, supra, and that those cases considered this question under the earlier Criminal Procedure Rules effective January 1, 1968. Rule 1.220 of the 1968 Criminal Procedure Rules did not contain a rule similar to the above quoted portions of Section 3.220 of our present rules. See 196 So.2d 124.

Nor can it be concluded that Section 905.24, .25 and .27 Florida Statutes prohibit such disclosure. Insofar as these statutes conflict with Rule Section 3.220, they are superseded by the rule. This is not to say that the persons are free to disregard these statutes but merely that the testimony is discoverable under the rule.

*Gillespie* and *Drayton* present certain consideration which merit further discussion.

### THE SECRECY ISSUE:

''. . there is the traditional rule of secrecy in grand jury proceedings, the underlying policy being:

'[T]o protect the jurors themselves; to promote a complete freedom of disclosure; to prevent the escape of a person indicted before he may be arrested; to prevent the subornation of perjury in an effort to disprove facts there testified to; and to protect the reputation of persons against whom no indictment may be found.' *Minton v. State*, supra, 113 So.2d at 365.

However, as was pointed out in *State ex rel. Brown v. Dewell*, 1936, 123 Fla. 785, 794, 167 So. 687, 690, the purpose and policy behind secrecy of grand jury proceedings are largely accomplished after the indictment has been found and published, and custody of the one indicted had, and the grand jury finally discharged.''

At the time the defendant seeks discovery under Rule 3.220(a) (1) (ii) the purpose of discovery will have been accomplished. If other reason exists for secrecy, the court is available for protective orders.

## WHEN SHOULD THE GRAND JURY TRANSCRIPTS BE FURNISHED?

Obviously the transcripts can only be furnished before, during or after trial. If the issue is not laid to rest by the rule, good sense dictates that the transcripts be furnished prior to trial. Little use can be made of a 30 page transcript without prior study during the pressure of a trial. Should the grand jury transcript reveal a ground for new trial when examined after trial, all concerned will have expended the time and labor of a trial for nothing.

### THE GOOD FAITH ISSUE:

*Gillespie* at page 555 makes the point that it is necessary to rely on the good faith of the prosecutor to furnish evidence favorable to the accused under *Brady v. Maryland*, 10 L.Ed.2d 215.

While such reliance is usually well placed it is no reason to disallow the transcripts of the grand jury testimony. It should be remembered that the State Attorney's Office is not composed of one man. These offices are made up of numerous assistants. In practice, the State Attorney or his assistant who attends the Grand Jury will rarely be assigned to try the case. The assistant charged with the *Brady* duty to disclose, very likely, will be unaware of any favorable evidence elicited before the Grand Jury.

### IN CAMERA INSPECTIONS

As a practical matter trial courts do not have the time to peruse Grand Jury testimony in camera for the purpose of discovering evidence favorable to the accused or matters which should be kept secret. The accused is the best person to recognize matters favorable to himself; the State is in the best position to know if the requested testimony contains sensitive matters deserving of a protective order.

The better procedure is to allow the defendant to discover the Grand Jury testimony and to give the State a reasonable time to seek a protective order. This can be accomplished while the reporter transcribes his notes.

It is therefore,

ORDERED that the Defendants, Willie Jones Kyles and Willie C. Lewis, may order a transcript of the Grand Jury testimony of the

witnesses moved pursuant to Rule 3.220(a)(1)(ii) and the Court Reporter is hereby directed to furnish such transcript.

## ATTACHMENT

Grand jury minutes (2.1(a)(iii)). Subsection (a)(iii) does no more than make explicit the Advisory Committee's intent that the requirements in subsections (a) (i) and (ii), regarding the statements of witnesses and the accused, apply when those statements are in the form of grand jury testimony. The Committee thought it important to address this problem directly because of traditional grand jury secrecy requirements.

There is substantial and current authority for the proposition that generally the secrecy of grand jury proceedings should be reduced, and certainly as respects an accused whose indictment results from those proceedings. Current thinking is well expressed in *Dennis v. United States*, 384 U.S. 855 (1966), where a federal conspiracy conviction was reversed on the basis of the trial court's denial of a defense motion for disclosure (during trial) of the grand jury testimony of prosecution witnesses. The Court traced a liberalizing trend from the "long established policy" of grand jury secrecy to a rule that permits minutes to be selectively disclosed upon a showing of "particularized need." *Id.* at 869-870. The Court then observed, "These developments are entirely consonant with the growing realization that disclosure, rather than suppression, of relevant materials ordinarily promotes the proper administration of criminal justice." *Id.* at 870. While The Court did not abandon the particularized need principle, it has recently been held that a particularized need does not have to be shown for the trial judge to exercise his discretion under Federal Rule 16 in ordering pretrial disclosure of grand jury minutes. *United States v. Projansky*, 44 F.R.D. 550 (S.D.N.Y. 1968). Moreover, it is reported to be a common practice among federal trial judges to direct that the disclosures required by *Dennis* be made in advance of the witness's taking the stand in order to keep the trial moving at a desirable pace.

Of course, the traditional rule of secrecy has rarely if ever provided for absolute secrecy. In many jurisdictions, there has been provision for disclosure at trial in certain particularized instances—as where a witness's trial testimony is inconsistent with his previous grand jury testimony, or where perjury charges are brought against a grand jury witness. See statutes cited in Calkins, *Grand Jury Secrecy*, 63 Mich. L.Rev. 455, 465 n.37 (1965); *United States v. Giampa*, 290 F.2d 83 (2d Cir. 1961); Sherry, *Grand Jury Minutes: The Unreasonable Rule of Secrecy*, 48 Va. L.Rev. 668, 674-75 (1962); but cf. *United States v. Bertucci*, 333 F.2d 292 (3d Cir. 1964); *Ogden v. United States*, 303 F.2d 724 (9th Cir. 1962). Disclosure of minutes which tend to impeach

prosecution witnesses may be required by *Brady v. Maryland, United States v. LaVallee*, 344 F.2d 313 (2d Cir. 1965).

The trend noted in *Dennis* toward freer disclosure has found expression in a number of states. At least five states now grant an absolute right to defendants to inspect relevant grand jury minutes prior to trial. Cal. Pen. Code Section 925; Iowa Code Ann. Section 772.4 (1950) (copy provided at state expense); Ky. Rev. Crim. Code Section 110 (1962); Minn. Stat. Ann. Section 628.04 (1947); Okla. Stat. tit. 22 Section 340 (as amended 1967). Five other states, as well a the new Federal Rule 16(a)(3), have extended the scope of discretionary grand jury disclosure beyond the traditional witness impeachment and perjury areas. *United States v. Projansky*, 44 F.R.D. 550 (S.D. N.Y. 1968); *Commonwealth v. Cook*, 351 Mass. 231, 218 N.E.2d 393 (1966); *Shelby v. Sixth Judicial District Court*, 414 P.2d 942 (Nev. 1966); N.J. Crim. Prac. Rule 3:5-11 (1967); *State v. James*, 327 S.W.2d 278 (Mo. 1959) (Missouri is one of three states permitting depositions for discovery purposes by the defense, and this opinion takes account of that rule. 327 S.W.2d, at 282); *State v. Faux*, 9 Utah 2d 350, 345 P.2d 186 (1959). A recent Illinois statutory amendment apparently places a control over access to the minutes in the prosecuting attorney: Ill. Rev.Stat. ch. 38, Section 112-6 (1963); argued to be unconstitutional in Calkins, *Abolution of the Grand Jury Indictment in Illinois*, 1966 U. Ill. L.F. 423; Calkins, *Grand Jury Secrecy*, 63 Mich. L.Rev. 455, 485-89 (1965). In other jurisdictions, the historical rule of nondisclosure is apparently still the rule today. But few are the recent cases holding the grand jury proceedings are to be a secret kept permanently by the jury and the prosecution. See *State v. Guse*, 392 P.2d 257 (Ore. 1964); *State v. Superior Court*, 95 Ariz. 319, 390 P.2d 109 (1964); *Minton v. State*, 113 So.2d 361 (Fla. 1959); *Commonwealth v. Reis*, 150 N.E.2d 527, 540 (Mass. 1958).

Recent commentaries are uniformly critical of the permanent secrecy of grand jury minutes: Calkins, *Grand Jury Secrecy*, 63 Mich. L. Rev. 455 (1965); Sherry, *Grand Jury Minutes: The Unreasonable Rule of Secrecy*, 48 Va. L.Rev. 668 (1962); Seltzer, *Pre-Trial Discovery of Grand Jury Testimony in Criminal Cases*, 66 Dick.L.Rev. 379 (1962); Watts, *Grand Jury: Sleeping Watchdog or Expensive Antique*? 37 N.C.L. Rev. 290 (1959); Younger, *The Grand Jury Under Attack*, 46 J. Crim. L., C.&P.S. 26, 214 (1955); see also Goldstein, *The State and the Accused: Balance of Advantage in Criminal Procedure*, 69 Yale L.J. 1149, 1190-91 (1960).

In the judgment of the Advisory Committee, making available to the accused in advance of trial his own testimony before the grand jury and the testimony of prospective witnesses against him at the trial is an appropriate invasion of traditional grand jury secrecy, consistent with

the investigative purposes for which such secrecy should otherwise be retained.

It should be noted that, although there are difficult problems involved in the questions of whether grand jury proceedings should always be recorded and, if they are, whether they must be transcribed in all cases, the Advisory Committee believes the conditions under which these problems arise are much too diverse for it to make recommendations as to a standard applicable everywhere. See, *e.g.*, Okla. Stat. tit. 22 Section 340 (as amended 1967) (court reporter required to record proceedings); Ohio Rev. Code Ann. Section 2939.11 (1953) (at prosecutor's request, transcript for his use only).