OWEN, Chief Judge.
Defendant, indicted by a grand jury for manslaughter, appeals his conviction. Although none of the several points raised warrant reversal, the point questioning the trial judge’s denial of defendant’s motion to disclose grand jury testimony merits discussion.
Appellant contends that the broad provisions of Florida Rule of Criminal Procedure 3.220(a) (1) (i) and (ii) require the prosecutor, in those cases involving indictment by grand jury, to produce the wit *120 nesses’ grand jury testimony upon request. Facially, the language of these subsections appear to support appellant’s contentions. However, we hold that this rule, when viewed in its totality and in light of the committee notes and case holdings, does not allow a defendant to acquire grand jury testimony without laying a proper predicate. Three factors lead to this conclusion.
First, subsection (v) of Florida Rule of Criminal Procedure 3.220(a)(1), provides that the prosecutor make available:
“Those portions of recorded grand jury minutes that contain testimony of the accused.”
The clear inference is that by specifically referring to grand jury testimony only in subsection (v), the broad provisions of subsection (ii) (requiring disclosure of statements) were not meant to encompass grand jury testimony. Furthermore, limiting subsection (v) solely to the accused’s grand jury testimony indicates that other witnesses’ grand jury testimony is not obtainable by way of this discovery rule merely upon request.
Secondly, the committee note states that subsection (v) is from ABA Standards 2.-1(a) (iii) (relating to discovery and procedure before trial) which provides that the prosecutor must supply:
“those portions of grand jury minutes containing testimony of the accused and relevant testimony of persons whom the prosecuting attorney intends to call as witnesses at the hearing or trial.”
That the committee drafted the Florida rule with this standard in mind indicates that they intentionally deleted the italicized portion above and further indicates that the rule was not intended to apply to other than the accused’s grand jury testimony.[1]
Thirdly, cases decided under the previous discovery rule hold that generally grand jury testimony is secret unless the court orders disclosure after a proper predicate is shown. Minton v. State, 113 So.2d 361 (Fla.1959); State v. Gillespie, 227 So.2d 550 (2d DCA Fla.1969). Had the drafters of the new discovery rule been desirous of changing this body of case law they would have been precise and explicit in their language. See, State v. McArthur, 296 So.2d 97 (4th DCA Fla.1974).
Therefore, we hold that the provisions of Florida Rules of Criminal Procedure 3.220 do not require disclosure of any grand jury testimony other than the accused’s simply upon demand. A defendant may acquire relevant grand jury testimony of others only when a predicate evincing a need is shown.
In the case at bar, the defendant, in his motion to disclose grand jury testimony alleged:
“It is essential that the Defendant have access to these statements prior to trial in the furtherance of justice and for the purpose of ascertaining, during trial, whether the testimony of such witnesses is consistent with the testimony which may be given by such witnesses before the Court.”
These allegations do not establish a sufficient predicate, State v. Drayton, 226 So.2d 469 (2nd DCA Fla.1969), and therefore, *121 the trial court was correct in denying defendant’s motion.
Affirmed.
WALDEN and MAGER, JJ., concur.

. A further ABA standard relating to discovery and procedure before trial provides:
“2.1(b) The prosecuting attorney shall inform defense counsel:
(i)if he has any relevant material or information which has been provided by an informant;
(ii) if there is any relevant grand jury testimony which has not been transcribed; and
(iii) if there has been any electronic surveillance (including wiretapping) of conversations to which the accused was a party or of his premises.”
However, the Florida counterpart deletes subsection (ii) ; See also, Section 905.27, F.S.