330 So.2d 110 (1976)
Leroy WALKER, Jr., Appellant,
v.
The STATE of Florida, Appellee.
No. 75-273.
District Court of Appeal of Florida, Third District.
March 9, 1976.
Rehearing Denied April 26, 1976.
*111 Alan E. Weinstein and Mark Krasnow, Miami Beach, for appellant.
Robert L. Shevin, Atty. Gen., and Ira N. Loewy, Asst. Atty. Gen., for appellee.
Before HAVERFIELD and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
The appellant was indicted for the crime of rape. On a competency hearing prior to trial he was held to be competent to stand trial. On trial before a jury he was found guilty, was so adjudged by the court and sentenced to imprisonment for a term of years. He appealed. We have considered the several contentions presented by the appellant, in the light of the record, briefs, argument and the applicable law, and hold no reversible error has been made to appear.
Denial of the defendant's motion for production of the testimony given by the victim before the grand jury was not error. The appellant's contention that he had a constitutional right to have the grand jury testimony of a prospective trial witness produced in such case was answered to the contrary by Minton v. State, Fla. 1959, 113 So.2d 361, 363. Nor is such required by the provisions of Rule 3.220 RCrP. Soloman v. State, Fla.App. 1975, 313 So.2d 119. No sufficient predicate therefor was shown. Minton v. State, supra; State v. Drayton, Fla.App. 1969, 226 So.2d 469, 475.
It was not error to deny the defendant's motion for mistrial following the prosecutor's offer to permit the defendant to introduce into evidence, out of order, a certain investigation report not otherwise admissible. It appears that in the course of defendant's cross examination of a state witness, an employee of the county public safety department, the attorney for the defendant asked the witness whether a produced photograph of a weapon was taken from a certain distance. When the witness answered in the negative, defendant's counsel showed the witness a document and asked him if it was his report. At that point the prosecutor requested that the item be marked for identification, which was done. The prosecutor then stated, "I have no objection to that being admitted in evidence out of turn", to which the defendant's counsel responded: "We appreciate your generosity, but we are not offering it at this time, Judge".
The appellant argues that the occurrence referred to above operated to deny him a fair trial, contending it placed him in a position where his failure to introduce the item in evidence could have been regarded by the jury as an intentional withholding of relevant evidence by the defendant. The trial court viewed the matter as nonprejudicial, and we agree. Moreover the motion for mistrial was not preceded by an objection and request for an instruction to disregard. See Mabery v. State, Fla.App. 1974, 303 So.2d 369, 370.
The court did not commit error in the giving of an "Allen Charge", after the jury reported it was in disagreement. State v. Bryan, Fla. 1974, 290 So.2d 482, 484.
*112 After the verdict of guilty was returned, the defendant requested that the jurors be examined with reference to a remark said to have been overheard earlier in the case, attributed to an alternate juror, whereby the alternate had offered to pay one of the jurors to let him take the juror's place, indicating he was in favor of conviction. Although apprised of that incident prior to submission of the case to the jury, the defendant's attorney remained silent regarding the matter until after the adverse verdict was returned. In United States v. Curry, 5 Cir.1973, 471 F.2d 419, it was held that an attorney for a party cannot permit juror misconduct to go unnoticed, thereby sewing a defect into the trial, and later claim its benefit. See Williams v. State, Fla.App. 1958, 101 So.2d 877. The alternate juror's request to a juror was refused by the latter. Investigation as to whether the incident had influential impact on the juror concerned would involve speculation and conjecture, and for that reason its omission was justified, within the court's discretion. First National Bank in Tarpon Springs v. Bliss, Fla. 1952, 56 So.2d 922. Dealing with conduct of jurors is a matter in which the trial court has discretion. Mizell v. New Kingsley Beach, Inc., Fla.App. 1960, 122 So.2d 225.
Certain remarks by the prosecutor in final argument prompted a motion for mistrial which the court, in our view thereof, properly denied. Objection and motion for correctional instruction were lacking. Morris v. State, 100 Fla. 850, 130 So. 582; Mabery v. State, supra. No fundamental error was involved.
Fingerprints found in the victim's residence (on a jalousie pane which had been removed from the door; on its jalousie clips; on the inside of the door near the doorknob; on the inside of the screen door; on a door leading to the kitchen; and on a credit card found on the bed in the bedroom) were found to be those of the defendant. The fingerprint evidence and testimony relating to them were introduced. No error occurred in that regard. The defendant was not known by the victim, and had not been in the victim's residence on any prior occasion. See Bryant v. State, Fla. 1970, 235 So.2d 721; State v. Perry, Fla.App. 1974, 297 So.2d 638.
There was competent substantial evidence for the jury to find against the defendant on his plea of not guilty by reason of insanity, giving due regard to the burden of the state incident thereto and the required quantum of proof. Resolution of conflicts in the evidence was within the province of the jury.
The judgment is affirmed.