56 So.2d 922 (1952)
FIRST NAT. BANK IN TARPON SPRINGS et al.
v.
BLISS.
Supreme Court of Florida, Division B.
January 4, 1952.
Rehearing Denied February 8, 1952.
*923 Archie Clement, Tarpon Springs, for appellants.
W.H. Brewton, Dade City, for appellee.
TERRELL, Justice.
Appellee, Walter Bliss, sued appellants for negligently failing to transfer an insurance policy on a Ford truck on which one Wesley Gillett secured a loan from appellants which he secured with a mortgage. After executing the mortgage Gillett entered into partnership with Bliss to whom he sold an undivided one-half interest in the truck, subject to an unpaid balance of $948 due appellants. The Bliss and Gillett partnership was later dissolved and appellants were requested to amend the insurance policy to show that appellee was the owner of the truck. Being assured that his request was complied with Bliss made the payments on the truck till it was destroyed by fire. The declaration alleges that this occurred March 21, 1949, that appellants had not transferred the policy as promised and having negligently failed to do so, they were liable to Bliss for damages in the sum of $3,000. At the trial the jury returned a verdict for $1,500, which on motion for new trial was reduced by remittitur in the sum of $294.40. Final judgment was entered for Bliss and the defendant appealed.
It appears that during the trial of the cause one of the jurors advised the court that she had been approached by some one in regard to the case. Appellant contends that the court committed reversible error in not declaring a mistrial at once and so advising counsel.
The record discloses that the trial consumed a full day. After the verdict was returned the court advised counsel that he was informed at the noon hour by a lady on the jury that she had been approached by a strange woman who said to her that if she wanted to know anything about the case to ask her as she was former secretary *924 of the appellant bank, that the party who approached the lady juror was not a party to the suit and was not a witness in the cause, that the lady juror immediately turned her back and refused to discuss the matter with her, that the lady juror stated to the court that the incident in no way influenced her verdict.
Appellant relies on Owens v. State, 68 Fla. 154, 67 So. 39; Briggs v. Prowell, 215 Ala. 604, 112 So. 197 and 39 American Jurisprudence, page 120, to support his contention that the trial court committed error in refusing a new trial on this ground. We do not think there is any merit to this contention. There is no showing whatever that the information or suggestion was communicated to any other member of the jury and the lady juror who received it stated positively that she was in no way influenced by it. It was nothing more than an abstract statement and contained no information on which any member of the jury could have predicated a verdict. It contained nothing to give the jury a different slant on the case from that presented by the evidence nor was it of such a nature as would result in harm to either party to the cause. The trial court had a liberal discretion in the matter and we think he exercised it correctly. We have examined the cases relied on by appellant but we do not think they rule the case at bar.
The second question urged has to do with the value of the truck at the time it was destroyed. Appellant contends that the value proven should have been the difference between the market value before and after the fire. Unquestionably this was the correct measure of damages, but the evidence showed that the truck was a complete loss as a result of the fire. If such was the case and the value at the time of the fire being proven, the jury was warranted in returning a verdict for that amount as no other amount of loss was shown and from all the evidence, no assumption could be drawn that it was worth anything after the fire. Much is said about the truck equipment being valued too high, but the evidence shows that it was equipped with a special type of aluminum body and that the value placed on it was reasonable.
It is last contended that there was a lack of privity of contract between appellants and appellee and being so, there is a total lack of any cause of action.
The facts show that Gillett executed the mortgage to appellants and then sold one-half interest in the truck to Bliss, subject to the mortgage held by the bank, that Bliss and Gillett dealt with appellant as partners, that when the partnership was dissolved, Gillet transferred all his interest in the truck to Bliss after which the bank sent a notice to Bliss each month for the amount due. In response Bliss made all monthly payments on the truck. The bank had knowledge of this, handled the insurance policy, knew of the Bliss-Gillett trade and promised to have the insurance transferred to Bliss. Under such a state of facts, we do not think the appellant can deny its responsibility to Bliss.
The judgment appealed from is therefore affirmed.
Affirmed.
SEBRING, C.J., CHAPMAN, J., and LEWIS, Associate Justice, concur.