JOHNSON, Chief Judge.
This is an appeal from a final judgment, based upon a jury verdict in favor of the defendant, and appeal from an order denying a new trial.
As the result of a collision between a fire truck of the City of Jacksonville, Florida, and a train of the Florida East *802 Coast Railway Company, appellee herein, the appellant, who was a fireman for the City of Jacksonville, was injured and brought suit against appellee herein, alleging, inter alia, negligence on the part of the appellee in the operation of its train, thereby causing the damages complained of.
There was a trial by jury which returned a verdict in favor of the defendant, and final judgment entered thereon in favor of the defendant on May 27, 1969. This is the final judgment appealed.
Knowledge was brought to the attention of the court that the plaintiff’s attorney intended to question the jurors about certain alleged misconduct, and so the court had the jurors to appear before him, along with counsel for the plaintiff and defendant for questioning. The court indicated that the plaintiff was going to file a motion for a new trial which would embody the question of misconduct of certain jurors. The motion was not filed until June 6, 1970, and order denying same entered the same day.
The motion for new trial alleged the misconduct of two jurrors, along with other grounds which appear to be without merit and therefore deserve no further treatment by us. No error appears in denying the motion on these grounds.
The misconduct of the jurors alleged in said motion, however, deserves further treatment by us. The appellant strongly urges that the conduct of one juror in not truthfully answering a question on voir dire as to any member of his family having been an insurance adjuster, as well as the conduct of the same juror in visiting the scene of the collision, accompanied by another juror, and discussing the case with such juror and with an outsider, was such as to result in an unfair and biased trial thereby resulting in a prejudicial result to the plaintiff. The trial court permitted each counsel to question each juror at length as to their respective conduct during the trial and their deliberations in the jury room. Two jurors admitted they drove by the place where the collision took place but denied that it was for the purpose of getting a better insight on the accident. They denied discussing the case between themselves. The one juror who permitted a neighbor to mention the case briefly admitted it had no effect on his decision and that he actually vacillated from one party to the other as the evidence unfolded.
The trial court found at the end of all this testimony that there had not been such misconduct on the part of either juror, or such outside influence imposed on any juror to warrant setting aside the verdict and granting a new trial.
A new trial may be required under some circumstances as a matter of public policy for the purpose of maintaining confidence in the integrity of jury trials,[1] but such relief will ordinarily be denied where the act or conduct complained of, does not in the opinion of the trial court threaten the integrity of the jury or verdict or public confidence in trial by jury in any serious sense. With regard to this question, the trial court had a liberal discretion in the matter[2] and we think he exercised it correctly.
Affirmed.
WIGGINTON and SPECTOR, JJ., concur.

. 64 A.L.R.2d 169 (Anno.)

. First Nat. Bank in Tarpon Springs, et al v. Bliss, 56 So.2d 922 (Fla.1952).