PER CURIAM.
John Hamilton Hoover was found guilty of a crime and placed on probation for a term of seven years. See Hoover v. State, Fla.App.1968, 212 So.2d 95.
Subsequently, he was charged with arson in the third degree and after a jury trial he was convicted and adjudicated. His sentence of probation for the prior crime was revoked; he was sentenced to three years for that crime and placed on probation for a period of five years for the arson conviction which is to be served upon completion of the three year sentence. His appeals from the conviction and adjudication of arson in the third degree and revocation of probation have been consolidated.
The argument advanced for reversal is that the trial judge erred in denying the defendant’s motion for mistrial and request for a curative instruction to the jury.
We have carefully reviewed the testimony, objections, statements of counsel and actions of the trial judge. A trial judge has wide discretion in declaring a mistrial. First Nat. Bank in Tarpon Springs v. Bliss, Fla.1952, 56 So.2d 922.
We hold that the trial judge did not abuse his discretion in refusing to grant the defendant’s motion for mistrial and for a curative instruction to the jury. Cf. Wade v. State, Fla.App.1967, 204 So.2d 235.
The conviction and adjudication for arson in the third degree are affirmed.
Having affirmed the arson conviction and adjudication it follows that the order revoking probation on the prior conviction was proper. See State ex rel. Sawyer v. Cochran, Fla.1962, 140 So.2d 597.
The final orders and judgments herein appealed are, therefore,
Affirmed.