PER CURIAM.
Elmer Watson was convicted by a jury of first degree murder and was sentenced by the trial court to life imprisonment. His major point on appeal is whether the trial court abused its discretion in failing to grant a mistrial following an allegedly prejudicial outburst in the courtroom during the course of the trial.
The evidence adduced at trial reveals that the fatal shooting of Archibold Pinder occurred after the defendant entered the deceased’s print shop and asked Pinder if he could borrow a sum of money. The shooting occurred after Pinder refused to make the loan. It is admitted that the defendant shot the deceased. The only question is whether the shooting was accidental. From testimony given at defendant’s trial the jury was made aware of a previous unsuccessful attempt by defendant to borrow money from the deceased a few days before the shooting occurred. Immediately following the first refusal, defendant threatened Pin-der by saying in part, “One of these days I going to have to kill you . . .”
During defendant’s trial, while the prosecutor was giving his closing argument to the jury, a bystander in the courtroom screamed, “He killed two people and he’s not going to get away with this one.” Immediately after this disturbance the demonstrator was removed from the courtroom and the trial judge polled the jury to determine whether the jurors had been prejudiced by this outburst thereby denying de *408 fendant’s right to a fair trial. All of the jurors affirmatively stated that they were not influenced and that they could remain fair and impartial. Defendant moved for a mistrial based upon prejudice accruing to defendant as a result of this incident, but this motion was denied.
It has long been recognized in Florida jurisprudence that the granting or denial of a motion for mistrial is a matter within the discretion of the trial judge. Hoover v. State, Fla.App.197l, 252 So.2d 872; Reis v. State, Fla.App.1971, 248 So.2d 666; McCoy v. State, Fla.App.1965, 175 So.2d 588; Garcia v. State, Fla.App.1962, 142 So.2d 318. On review of the record on appeal we find that the trial judge did not abuse his discretion in denying the defense motion for a mistrial. Goodman v. State ex rel. Furlong, Fla.1971, 247 So.2d 47; Adkins v. Smith, Fla.1967, 205 So.2d 530.
We have examined defendant’s remaining points on appeal and find them to be without merit. Accordingly, the judgment and sentence appealed are affirmed.
Affirmed.